JOHN GODWIN, defendant below, appellant, *vs.* STATE OF DELA-WARE, plaintiff below, respondent.

*Admissions of fact made at Trial—Silence of Attorney for Adverse Party—Court of General Sessions—Trial of Bribery Offenses— Jurisdiction General, not Special—Information Substituted for Indictment—Initial Examination and Commitment or Holding to Bail; not Necessary to be Averred or Proved—Plea in Abatement— Venue—General Election—Judicial Notice.*

1. An admission of fact made at the trial, in open court, by the prisoner or his counsel may be considered by the jury.

2. When an attorney at the trial, in open court, in the presence and hearing of the attorney for the adverse party, states to the Court the matters of fact admitted in the cause by the adverse party, the silence of the attorney for the adverse party is an assent to such admissions, and his client is bound thereby, and proof of the facts so admitted is thereby waived.

3. When an attorney at the trial, in open court, in the presence and hearing of the attorney for the adverse party states to the Court the matters admitted by counsel for the adverse party, it becomes the duty of such counsel to speak if there was any fault made in the statement, and the failure then and there to do so will amount to an acquiescence in and assent to the admission of facts contained in the statement, and will be binding on the accused, or adverse party.

4. The Court of General Sessions in the trial of offenses committed in violation of *Section 8 of Article 5 of the Constitution of* 1897, does not exercise a special, but a general jurisdiction.

5. For the trial of offenses of bribery at elections, the Constitution of 1897 substituted presentment by information for indictment, and trial by the judges for trial by jury, but this change affected the mode of procedure only and not the jurisdiction of the Court of General Sessions.

6. In courts exercising a special jurisdiction, jurisdictional facts must appear, and, therefore, must be averred and proven, and there are no presumptions as to its jurisdiction over the subject matter, the person, or the property.

7. Allegations of an examination and committment, or holding to bail, are not a necessary part of the information, authorized by the Constitution of 1897, in the trial of offenses of bribery at elections, in order to give jurisdiction to the Court of General Sessions.

8. Allegations of an examination and commitment or holding to bail need not be averred in the information, and if averred need not be proven, because they are not part of the description of the offense charged.

9. Where the venue is laid as in a certain hundred in the county, proof that the offense charged was committed in a village within said hundred, the Court will take judicial notice that that village was within the hundred and county as laid in the information.

10. When the Constitution prescribes the day for holding the general election and this corresponds with the proof at the trial, the Court will take judicial notice that the election referred to in the testimony was the general election as prescribed by the Constitution and mentioned in the information.

Del. Constitution: Constitution of 1897, Sec. 8, Art. 5.

(*January* 19, 1910.)

CURTIS, Chancellor, PENNEWILL, Chief Justice, and CONRAD and WOOLLEY, Associate Judges, sitting.

*Phillip Q. Churchman, David J. Reinhardt, Frank L. Speakman* and *Philip L. Garrett* for appellant.

*Andrew C. Gray*, Attorney-General, and *Josiah O. Wolcott*, Deputy Attorney-General, for respondent.

Supreme Court, June Term, 1909.

APPEAL (No. 1, June Term, 1909) from the Court of General Sessions in and for New Castle County.

CURTIS, Chancellor, delivering the opinion of the Court:

The defendant below, appellant, John Godwin, was found guilty of offering a bribe to Philip Oliver to vote at the general election held on November third, 1908, and sentenced, and an appeal taken by him to this Court. By this appeal the cause was heard *de novo* on the testimony and proofs taken. The offense is that prescribed by *Section 7 of Article 5 of the Constitution*, and the trial had in the Court of General Sessions for New Castle County was before the Judges thereof without a jury and upon information filed in the place of an indictment found by a grand jury. There are twelve specifications of error, including one tha' appellant was not guilty under the evidence adduced.

Opinion.

Several of the questions raised by the specifications will be disposed of by the admissions made by the prisoner, through his counsel, at the trial below in open Court. Aside from the issue of the guilt or innocence of the defendant in the trial below and the evidence introduced to determine it, an issue is raised upon the appeal as to what was or what was not admitted as evidence by counsel at the inception of the trial. The State claims that the defendant admitted the formal execution of the bond and the fact that Oliver, the prosecuting witness, was a registered voter. The defense claims that the admission went only to the execution of the bond and did not include the fact that Oliver was a registered voter. Before the issue can be determined the Court on review must determine what was and what was not admitted as evidence at the trial below. What was or what was not admitted becomes a fact material to the review on appeal, and being a fact its determination should be sought by following the rules usually applied in determining any other judicial fact.

Upon the threshold of the trial and before any testimony was heard, the Attorney General addressed the Court and stated the admissions of matters of fact made by the defendant, and this statement was made presumably as the result of some conference between the Attorney General and counsel for the prisoner. To this statement the counsel for the prisoner made no reply. Then, according to the record, Judge Spruance, one of the trial Judges, addressed an inquiry concerning the correspondence between the bond and the information. To this inquiry counsel for the prisoner made his reply, addressing Judge Spruance, explaining the character and extent of his admission respecting the execution of the bond. As the question of Judge Spruance related only to the bond the reply of counsel was limited to the subject of that inquiry, and this statement was made in reply to Judge Spruance's question and clearly not in reply to the Attorney General's statement of what was admitted. As this inquiry of Judge Spruance and the reply thereto of counsel for the appellant did not embrace or touch that part of the Attorney General's statement relating to the admission as a fact that Oliver was a registered voter,

counsel for the accused, remained silent when the announcement of that admission was made. But for his explanatory reply to Judge Spruance's question about the bond, from which the admission of the execution of the bond is a necessary inference, counsel for the appellant made no reference at all to the statement of the Attorney-General that counsel for the defendant admitted the execution of the bond and that Oliver was a registered voter. To interpret the record and determine whether evidence that Oliver was a registered voter is in the record, the Court must ascertain whether the silence of the defendant's counsel amounted to an assent to the statement of the Attorney-General to the Court of what was admitted by the defendant's counsel. Such silence of counsel indicated assent or dissent to the statement of the Attorney General, or in other words, that silence evidenced either assent or dissent. Whether defendant's counsel assented or dissented by his silence may be ascertained by the ordinary rules of evidence relating to a man's silence implied to ascertain a man's meaning when considered with respect to what was said, where it was said, what was his relationship to the party making the statement, his duty to the Court and his obligation then to speak. Counsel for the appellant urged that the silence of the counsel for the defendant at the trial was not a "distinct and formal declaration" of the things admitted, which, according to all the authorities, is requisite to have the admission of counsel accepted in lieu of testimony. Yet an examination of the authorities cited to support the undisputed rule clearly shows that the admissions must be distinct and formal in character in order to make certain, beyond dispute, the meaning of the admission, and to distinguish the exact terms of the admissions to be made in the cause as distinguished from other admissions which are mere matters of conversation between counsel in the cause. There is nothing in the cases cited to show that by silence or by nod of his head an attorney might not formally admit that which another attorney distinctly stated to be admitted by him. The question reverts to the meaning of the silence of the defendant's counsel at the time when the Attorney-General stated the position of such counsel.

Under certain circumstances the conduct of a party is rele-
vant as evidence of the admission of some fact; so also the
failure of a party to reply to a statement made in his presence is,
under certain circumstances, admissible in evidence as tending to
show a concession of the truth of the facts stated and the failure
to reply is significant in proportion to the extent that a reply
would be natural.

"Admissions may also be implied from the acquiescence of
the party. But acquiescence, to have the effect of an admission,
must exhibit some act of the mind, and amount to voluntary
demeanour or conduct of the party. And whether it be acqui-
escence in the conduct or in the language of others, it must plainly
appear that such conduct was fully known, or such language
fully understood, by the party, before any inference can be drawn
from his passiveness or silence. The circumstances, too, must
be not only such as afford him an opportunity to act or to speak,
but such also as would properly and naturally call for some action
or reply from men similarly situated."

*Taylor on Evidence*, *Sec.* 809; citing 1 *Greenleaf on Evidence*,
*Sec.* 197.

But the probative force of this kind of evidence is not great
and it is received with caution. In addition to extra judicial
admissions, there are admissions made in judicial proceedings,
the effect of which is either to establish the point covered by the
admission in lieu of evidence, or to act as a waiver of evidence in
regard to it, the result being the same, namely, to dispense with
the proof. Frequently judicial admissions are those of counsel or
attorneys of record. When made in good faith in a professional
capacity for the purpose of dispensing with testimony, and to that
end are distinct and formal, admissions of counsel bind the client,
and they certainly do, when made at the trial in open Court,
though made orally. The practice to so accept such admissions
in lieu of testimony is so well settled and rests upon such a sensible
basis that authorities need not be cited to support such practice.
It is quite true, as a general principle, that the silence of the accu-
sed at a judicial proceeding or hearing is not an implied admission

of the truth of statements made in his presence, but it is true in a
criminal proceeding, as in a civil one, that an admission of fact
made at the trial in open Court by the prisoner or his counsel
may properly be considered by the jury.

3 *Greenleaf on Evidence*, Sec. 39.          -

As with parties, so with counsel, silence under certain circum-
stances means acquiescence.   When an attorney at the trial in
open court, in the presence and hearing of the attorney for the
adverse party, states to the Court the matters of fact admitted in
the cause by the adverse party, the silence of the attorney for such
adverse party is an assent to such admissions in that cause, and
his client is bound thereby, and proof of the facts admitted is
thereby waived.

Applying the above principles to the case now before the
Court, it is very clear that when the Attorney-General at the trial
stated to the Court in the presence and hearing of the counsel for
the prisoner, the matters admitted by such counsel, it was then
and there the duty of such counsel to speak if there was any fault
made in the statement, and the failure then and there to so speak
acted as an acquiescence in and an assent to the statement, and
to an admission of facts contained in the statement binding on
the accused.   The conduct of the counsel in this respect and
under these circumstances was the conduct of the accused.   The
circumstances were such as to offer counsel an opportunity to
speak and also such as would properly and naturally call for some
reply from men similarly situated.   Silence alone, under such
circumstances, is binding and the accused, the appellant, is held
to have admitted to be true all the facts which the Attorney-Gene-
ral stated had been admitted to be true.   If counsel for the prison-
er did not intend to admit by his silence the declaration
Attorney-General, then it was his duty to the Court, as we
his client and the State, to have denied the declaration in
or in part, or stated to Judge Spruance that counsel for the
er only admitted the execution of the bond.   The condu
party inconsistent with his present contention may tend to

that the latter is an after-thought, and proof of such conduct is, therefore, competent as tending to show the admission.

At the conclusion of the case by the State counsel for the accused moved for the discharge of the defendant on the ground that there was no evidence of holding him to bail, and at the conclusion of the case he moved an arrest of judgment upon the same ground alone. He did not urge as one of the grounds of either of the motions that there was no evidence that Oliver was a registered and qualified voter. In limiting the grounds of his motions to the lack of evidence of holding to bail, it is to be inferred that he, as well as the Court, considered the fact of Oliver's registration and qualification as a voter to have been admitted. His conduct in omitting that ground in his two applications is inconsistent with the latter contention made upon appeal by the counsel for the appellant, who did not participate in the trial and who therefore could not have known what was in the mind of the appellant's trial attorney. To rightly interpret what transpired at the threshold of the case respecting the unusual character of the opening of the case, it must be considered and regard must be given to not only what was actually said, but also to the subject matter of the preceding events referred to in the colloquy mentioned in the record, and the evident objects of the persons participating.

The conclusion of this Court is that the defendant, by his counsel, expressly admitted the execution of the bail bond and that Oliver was a registered voter, and further, that Oliver was duly registered and qualified to vote as an elector at the general election mentioned in the information filed in the cause. This latter admission is so necessarily a part of the admission made and such a necessary inference therefrom and from the language used by counsel and the evident understanding of the matter by the Judges who heard the case, as well as by the Attorney General and the counsel for the defendant at the trial Court, that this Court, without hesitation, adopts it as relieving the State of the proof of the formal matters so admitted. These conclusions

above stated dispose of the first, second, seventh, eighth and ninth specifications of error.

The third, fourth and sixth specifications of error are also untenable. They relate to the absence of evidence of an examination of the appellant, which resulted in either a commitment or holding to bail pursuant to the provisions of *Section* 8 *of Article* 5 *of the Constitution.* It is urged by counsel for the appellant that the Court of General Sessions was exercising a special constitutional power in derogation of the common law; that no presumption of jurisdiction existed; and that the record must show the compliance with the Constitution, namely, an examination of the appellant before a Justice of the Peace followed by a commitment of him or a holding of him to bail in order that the power of the Court to try the appellant on the charge stated in the information should be established. The portion of *Section* 8 *of Article* 5 *of the Constitution* relative to this question is as follows:

"Every prosecution for any of the offenses mentioned in *Section* 7 of this Article shall be on information filed by the Attorney-General, after examination and commitment or holding to bail by a Judge or Justice of the Peace, and the cause shall be heard, tried and determined by the Court without the intervention of either a grand jury or petit jury."

There are several answers to this contention. The Court of General Sessions was not exercising a special constitutional power in derogation of the common law, The jurisdiction to try offenses committed in violation of laws prohibiting bribery at elections had long been vested in the Court of General Sessions, or in similar Courts with different names, for the trial of criminal causes. The only difference made by the Constitution of 1897 relates to the method of the presentment and trial. Presentment by information for indictment and a trial by the Judges of the Court for trial by a jury are substituted, but neither of these changes made the Court of General Sessions a Court of special jurisdiction, but it continued still to be a Court of general jurisdiction for the trial of offenses of bribery at elections, and, in general, a Court of general jurisdiction in criminal causes. Trial by the Court without a

jury upon presentment by information, instead of by indictment, is a matter of procedure and not of jurisdiction. It follows, therefore, that it is presumed that the Court of General Sessions had jurisdiction of the cause and the person of the defendant below, the appellant.

In this State there are instances of courts of general jurisdiction exercising special statutory jurisdiction, and of some exercising special jurisdiction and procedure in derogation of the common law practice. The Court of General Sessions in administering laws respecting roads and the Superior Court in administering laws respecting ditches are both courts of general jurisdiction exercising a special jurisdiction in the above matters. The former, a Court with general jurisdiction over crimes, adjudicates the laying out, opening and vacating of public roads, while the latter Court, a Court of general jurisdiction of civil causes, appoints commissioners to lay out ditches to drain marsh lands. The Superior Court also has power to appoint commissioners to condemn lands and property under the right of eminent domain possessed by certain municipalities and *quasi* public corporations, and in so doing the Court exercises a special jurisdiction and adopts procedure in derogation of the common law practice. In all such cases jurisdictional facts must appear, must be averred and proved, and there are no presumptions as to the Court's jurisdiction over the subject matter, the person, or the property. So if the civil Court is vested, as in some states, with jurisdiction to try some certain designated crimes, then in so doing the Court would exercise a special jurisdiction.

Some of the cases cited by counsel in the argument in this Court were of these classes and as to them the rule is well established and wholesome; but these cases do not apply to the jurisdiction of the Court of General Sessions in trying cases of bribery at elections, though the particular offense was one declared by the Constitution and though the Constitution prescribed that it be heard by the Judges instead of by jury and upon information instead of after indictment. No case is shown which satisfies this Court that under such circumstances the Court of General Ses-

sions was exercising a special jurisdiction so as to require jurisdictional facts referred to in the specifications of error to be averred, and, if averred, proven.

For another reason the third and fourth specifications of error are untenable. The allegations of an examination, commitment and holding to bail are not a necessary part of the information in order to give jurisdiction, and in the absence of a plea in abatement denying examination and commitment or holding to bail, allegations of an examination and holding to bail, if in the information, need not be proven because they are no part of the description of the offense charged. It was clearly and rightly decided by the Court in *State vs. Moore*, 2 *Penn.* 299, all the Judges who sat in the cause concurring, that such allegations need not be averred, but that the absence of such an examination and commitment or holding to bail were matters of defense to be set up by a plea.

The fifth specification of error relates to the lack of proof of the identity of the appellant with the person charged in the information, but the Court does not find the record erroneous in this respect. The appellant testified at the trial in the Court below and in his testimony sufficiently identified himself as being the person, the John W. Godwin, concerning whom Phillip Oliver and Andrew Crossan testified. It appears also that George W. Peterson and Alfred Fields, witnesses in the cause below, identified "this defendant" as the person, John W. Godwin, who on the day named in the information talked to Philip Oliver, the prosecuting witness and so identified the defendant as the person referred to as "Godwin" and also referred to as "John Godwin." There are also other portions of the record which might be referred to, to establish the identity beyond question.

The tenth specification of error relates to the lack of evidence to show that Oliver had not, in fact, already voted at the time when it was alleged that the attempt to bribe him was made by the appellant, but this Court has no doubt as to the sufficiency of the proof adduced on this subject, including testimony of the appellant himself, on page fifty-three of the printed record.

Opinion.

The eleventh specification relates to the proof of the guilt of the appellant of the offense charged in the information. On this point the Court has no reasonable doubt and deems it unnecessary to set out the reasons for the conclusion that the record shows beyond reasonable doubt that the appellant was guilty of the offense charged against him in the information.

The twelfth specification of error is sub-divided by the appellant into nine sub-heads, designated by letters of the alphabet, and all of these sub-heads but two have already been considered and passed upon. Those sub-heads to be considered are 12a and 12b. 12a,—that there was no evidence adduced to prove the venue stated in the information. But it appears by the testimony adduced that the alleged offense was committed in Delaware City, and this with other testimony stated in the record is sufficient to justify the Court in taking judicial notice that the offense was committed in Red Lion Hundred, New Castle County and State of Delaware, as alleged in the information. 12b relates to the absence of proof that the election mentioned in the information was held, but as the Constitution prescribes the day for holding the general elections and this corresponds with the proof at the trial, the Court will, from these and other matters in testimony, take judicial notice that the election referred to in the testimony was the general election held as prescribed by the Constitution of the State and as mentioned in the information.

This Court, therefore, finds no error in the record of the Court below, finds the appellant guilty in the manner and form as stated in the information filed against him in the Court below and affirms the verdict and judgment entered by the Court of General Sessions, from which the appeal was taken.

Let a judgment be entered accordingly and the appellant be sentenced.

The formal judgment of the Supreme Court, omitting the caption, was as follows:

"And Now To-Wit, This nineteenth day of January, A. D. 1910, the appeal of John Godwin, appellant, taken in the above stated cause, having come on to be heard by this Court, and the

same having been duly argued by counsel for the appellant and appellee and this Court having reviewed the evidence adduced in the cause, as well as the other proceedings therein, and the law applicable thereto,

"It Is Ordered, Adjudged and Decreed by the Court, all of the Judges of this Supreme Court sitting in the case concurring herein, that the judgment of the Court below be and it is hereby affirmed."

On February 21, 1910, in sentencing the appellant, the Supreme Court said: "John Godwin, the appellant in above stated cause, was sentenced by the Court of General Sessions for New Castle County on March 9, 1909, and part of the sentence was imprisonment for the term of two years. An appeal having been taken by him to this Court, the judgment of the Court below was affirmed on January 19, 1910, by this Court. On that day a motion in the Court was made by the Attorney-General for sentence of the appellant and the motion has been continued to this day. Under the sentence of the Court below the appellant suffered imprisonment for seven days and that number of days will, therefore, be deducted from the sentence imposed by this Court. The sentence of this Court will be imposed notwithstanding the absence of the appellant from this Court at this time.

"The Sentence of this Court is, that John Godwin, the appellant, forfeit and pay a fine of five hundred (500) dollars; that he be imprisoned for the term of two years, deducting the seven days imprisonment suffered by him under the sentence of the Court below, viz., for the term of one year and three hundred and fifty-eight days, commencing this day and ending on the twelfth day of February, A. D. 1912; that he pay the costs of prosecution, including the costs of his appeal in this Court, and he is now committed to the custody of the Board of Trustees of the New Castle County Workhouse until this sentence is carried into effect."

Thereafter the bail bond was forfeited.

Thereupon the appellant gave notice of an appeal to be

made to the Supreme Court of the United States and for a writ of error to this Court. To enable the appellant to appear with his sureties to give bond for his writ of error, the Supreme Court adjourned until February 28, 1910.

On February 28, 1910, the appellant appeared with his counsel and surrendered himself. There not being a quorum of the Supreme Court present, said Court was adjourned to Thursday, March third; on which day a quorum was present, but no further steps were taken by counsel for appellant, the appellant in the meantime having entered upon his term of imprisonment in the New Castle County Workhouse.