STATE *vs.* WILLIAM PRETTYMAN, ADAM HARGUS and WEBSTER PURNELL.

1. CRIMINAL LAW—DEFENSES—ALIBI.

The defense of *alibi*, to be effective, must convince the jury, not only that the testimony is true, but that it so clearly shows the absence of defendants that it was physically impossible for them to have committed the crime charged.

2. CRIMINAL LAW—VERDICT—CODEFENDANTS.

Under indictment of three persons for murder in the first degree, the jury could find one, two, or all of them guilty as the evidence warranted.

3. CRIMINAL LAW—VERDICT—INCLUDED OFFENSES—CODEFENDANTS.

Under indictment of three persons for murder in the first degree, the jury could find them guilty of murder in the first degree, murder in the second degree, manslaughter, or not guilty, as the evidence warranted.

4. HOMICIDE—"MURDER IN THE FIRST DEGREE"—ELEMENTS.

"Murder in the first degree" is committed when a person is killed by another with express malice aforethought.

5. HOMICIDE—MURDER—"EXPRESS MALICE AFORETHOUGHT."

"Express malice aforethought" exists where one person kills another with a sedate, deliberate, and formed design, which may be manifested by antecedent menaces or threats, or by hatred, jealousy, or revenge, or because of a grudge.

6. HOMICIDE—MURDER—USE OF DEADLY WEAPON.

The deliberate selection and use of a deadly weapon such as a pistol, knife, or razor is a circumstance which, in the absence of satisfactory evidence to the contrary, indicates the existence in the mind of the person committing the act of a deliberate formed design to kill.

7. HOMICIDE—MURDER IN THE FIRST DEGREE—MALICE—TIME OF EXIST-
ENCE.

If the killing is done with a sedate, deliberate, and formed design, the length of time that such design or intention exists in the mind of the slayer is immaterial, for the killing under such circumstances would be murder of the first degree.

8. HOMICIDE—"MURDER IN THE SECOND DEGREE"—"IMPLIED MALICE."

"Murder in the second degree" is where the crime is committed with "implied malice," that is, a conclusion of law from the facts proved, where there is no deliberate mind or formed design to take life, but where the killing was done without justification or excuse or other provocation, or sufficient provocation to reduce the offense to manslaughter.

9. HOMICIDE—MURDER—ELEMENTS—"MALICE."

"Malice," which is a condition of the mind or heart, is an essential ingredient of the crime of murder in the first or second degree.

10. HOMICIDE—MURDER—MALICE—PRESUMPTIONS.

If death ensues from an unlawful and cruel act of violence on the part of the slayer, in the absence of adequate or sufficient provocation, the law implies that such act was done with malice.

11. HOMICIDE—MURDER—MALICE—PRESUMPTIONS.

Where the killing is shown to have been done with a deadly weapon, it is presumed to have been done maliciously, in the absence of evidence to the contrary, and the burden of showing the contrary is on the accused.

12. CRIMINAL LAW—EVIDENCE—CONFESSIONS.

Where three persons are jointly indicted for murder in the first degree, a confession of one of them can affect only its author, and is no evidence against the others, who were not present when it was made.

13.  CRIMINAL LAW—EVIDENCE—CONFESSIONS.

A confession of guilt should not be considered if it was not free and voluntary, but procured through the influence of threats or the promise of favor.

14.  CRIMINAL LAW—EVIDENCE—CONFESSIONS.

The degree of credit due to a confession is to be estimated by the jury under the facts of the particular case, and the whole of what the accused said on the subject at the time of making the confession should be taken together.

15.  CRIMINAL LAW—"ACCOMPLICE."

Every person who abets, procures, commands, or counsels any other, or others, to commit any crime or misdemeanor is an "accomplice," and equally criminal as the principal offender.

16.  CRIMINAL LAW—TRIAL—SCOPE OF JURY'S INQUIRY—TESTIMONY.

In determining guilt or innocence of persons accused, the jury must be governed by the testimony, and not by questions of counsel which are not answered, or answers of witnesses that are stricken out by the court, since they do not constitute testimony.

17.  CRIMINAL LAW—TRIAL—SCOPE OF JURY'S INQUIRY.

The jury must base its verdict wholly upon the evidence, and not upon opinions of counsel for either side.

*(March* 8, 1917.)


PENNEWILL, C. J., CONRAD AND HEISEL, J. J., sitting.

*David J. Reinhardt,* Attorney General, and *Daniel J. Layton, Jr.,* Deputy Attorney General, for the state.

*Robert C. White* and *James M. Tunnell* for the defendants Prettyman and Hargus.

*Robert G. Houston* for the defendant Purnell.

Court of Oyer and Terminer, Sussex County, March, 1917.


INDICTMENT FOR MURDER OF THE FIRST DEGREE, No. 25, February Term, 1917.

William Prettyman, Adam Hargus, and Webster Purnell were indicted for murder in the first degree. Verdict as to each defendant, guilty of murder in the first degree.


PENNEWILL, C. J., charging the jury:

The indictment charges that William Prettyman, Adam Hargus and Webster Purnell, the defendants, on the night of September twenty-third, last, at the home of Webster Purnell, one of the prisoners, on Lewes beach in this county, did feloniously, willfully and with express malice aforethought, make an assault

upon one Harry Parker, and that one of said defendants inflicted upon the said Parker a mortal wound by cutting his throat, from which wound the said Parker instantly died. And it is also charged that the other defendants were present, aiding, helping, assisting, abetting, procuring, commanding and counseling in the commission of the murder.

It is also charged that other wounds were inflicted.

There are several counts in the indictment but they differ mainly in the name of the defendant who inflicted the wounds, and in the description of the different wounds. For the purposes of this case we have sufficiently stated the charge; to repeat the varying language of the several counts would confuse rather than help you in the performance of your duty.

The prisoners all deny that they had anything to do with the killing of Parker, and claim that they were not present at the time he is alleged to have been murdered, and knew nothing at all about the commission of the crime.

[1]    The defense set up is that which is known in the law as an *alibi*, which means that at the time the alleged offense was committed the defendants were not present, but were elsewhere, and could not therefore have committed the crime. This is a good defense when proved to the satisfaction of the jury. To be effective the jury must be convinced, not only that the testimony is true, but that the *alibi* or absence of the defendants has been so clearly shown that it was physically impossible for them to have committed the crime charged against them.

[2, 3]    Under this indictment you may find all of the prisoners, or two or one of them guilty of murder in the first degree, guilty of murder in the second degree, guilty of manslaughter or not guilty, as the evidence in your judgment shall warrant.

It becomes the duty of the court, therefore, to explain as clearly as we can these three offenses.

[4, 5]    Murder of the first degree is committed when a person is killed by another with express malice aforethought. Express malice aforethought exists where one person kills another with a sedate, deliberate and formed design. This formed design may be manifested in many ways, for example, by antecedent menaces

or threats that disclose a purpose to commit the act charged. Where one from hatred, jealously, or revenge, or because of a grudge, coolly and deliberately forms the design to kill another and commits the act it is done with express malice aforethought and is murder of the first degree.

[6]   The deliberate selection and use of a deadly weapon such as a pistol, knife or razor, is a circumstance which, in the absence of satisfactory evidence to the contrary, indicates the existence in the mind of the person committing the act of a deliberate formed design to kill.

[7]   If the killing is done with a sedate, deliberate and formed design, the length of time that such design or intention exists in the mind of the slayer is immaterial, for the killing under such circumstances would be murder of the first degree.

[8]   Murder of the second degree is where the crime is committed with implied malice; that is, when the malice is not express as in murder of the first degree, but is a conclusion of law from the facts proved.   It is where there is no deliberate mind or formed design to take life, but where the killing was done without justification or excuse and without provocation or sufficient provocation to reduce the offense to manslaughter.

When the killing is done without design and premeditation, but under the influence of a wicked and depraved heart, or with a cruel and reckless indifference to human life, the law implies malice and makes the offense murder of the second degree.

[9]   Malice is an essential ingredient of the crime of murder of both degrees.   It is a condition of the mind or heart, and without it there can be no murder either of the first or second degree.

[10, 11]   If death ensues from an unlawful and cruel act of violence on the part of the slayer, in the absence of adequate or sufficient provocation, the law implies that such act was done with malice.   Where the killing is shown to have been done with a deadly weapon, it is presumed to have been done maliciously, in the absence of evidence to the contrary, and the burden of showing the contrary is on the accused.   *   *   *

[12]   There has been admitted in evidence a confession

Charge.

alleged to have been made by one of the defendants, and it is proper that the court should instruct you that such confession can affect only the defendant who made it, and that it is not evidence against other defendants who were not present when the alleged confession was made.

[13, 14] A confession of guilt should not be considered if it was not free and voluntary, but procured through the influence of threats or the promise of favor. But a free and voluntary confession is generally deserving of the highest credit because it is against the interest of the person making it, and is presumed to flow from a sense of guilt. The degree of credit due to a confession is to be estimated by the jury under the facts of the particular case. The whole of what the accused said on the subject at the time of making the confession should be taken together. The jury may believe that part which criminates the accused and reject that which is in his favor, or credit so much as is in his favor and discard that which is against him, if they see sufficient ground, upon all the evidence, for so doing, for the jury are at liberty to judge of it, like any other evidence, from all the proven circumstances of the case.

[15] Under the law of this state every person who shall abet, procure, command or counsel any other person or persons to commit any crime or misdemeanor, shall be deemed an accomplice, and equally criminal as the principal offender.

Therefore, we say that if you believe from the evidence that one of the defendants inflicted the fatal wound, and that the other defendants were present, assisting, counseling or encouraging him by word or act to commit the crime, they would be equally as guilty as the one who actually inflicted the fatal wound.

[16] You understand that in determining the guilt or innocence of the prisoners you are to be governed by the testimony in the case, and that the questions of counsel that are not answered, and answers of witnesses that are stricken out by the court, do not constitute testimony in the case.    *    *    *

[17] In conclusion, gentlemen, we say you must base your

verdict not upon opinions of counsel on either side, or upon anything other than the evidence in the case and the law as the court has stated it.

Verdict as to each, guilty of murder of the first degree.