STATE *vs.* EDWARD JAROSLOWSKI.

1. WITNESSES—HUSBAND AND WIFE—COMPETENCY OF WIFE—STATUTE.

A husband charged with the murder of his child cannot, by a claim of privilege, prevent his wife from testifying for the state; *Rev. Code* 1915, § 4216, making her testimony competent.

2. CRIMINAL LAW—VERDICT—RECOMMENDATION TO MERCY—STATUTE.

*Laws* 1917, *c,* 266. providing that in all criminal cases where the penalty is death, if the jury shall recommend defendant to the mercy of the court, it may impose sentence of life imprisonment instead of death, means that the jury shall so recommend only where the facts in evidence warrant it.

(*March* 12, 1918.)

PENNEWILL, C. J., and BOYCE and CONRAD, Associate Judges, sitting.

*David J. Reinhardt,* Attorney General, for the state.
*Caleb S. Layton* for the prisoner.

INDICTMENT No. 53, March Term, 1918.

At a Court of Oyer and Terminer, in and for New Castle County, beginning March eleventh, 1918, Edward Jaroslowski was tried for murder in the first degree. Verdict guilty.

Edward Jaroslowski was indicted for murder in the first degree. Verdict of guilty.

The indictment charged the prisoner with the murder of one Waclawa Jaroslowski, by means of strychnine poison, she being his infant child about fourteen months of age.

The state introduced evidence to show motive for the murder, that the accused had said that the child was not his and also that he had manifested a dislike for the child. The suspicions of the accused, if he had any, were apparently groundless. The accused denied both, and explained that, with the child on one knee, he was sitting by his dining table, on which was a glass of water, and also a book on foxes which he was reading, that he took from his pocket the paper containing the poison, which he had purchased for the purpose of killing foxes, and that while examining the same some of it may have fallen accidentally into the glass of water, from which the child afterwards took a drink.

Mary Jaroslowski, wife of the prisoner, being called and sworn as a witness, on behalf of the state, Mr. Layton, for prisoner, objected to her testifying, on the ground that she was the wife of the prisoner. He contended that while *Section* 4216, *Rev. Code* 1915, makes it lawful for a wife or a husband to testify for or against each other in both civil and criminal causes, it simply removes the disability of the wife by reason of interest, but it does not take away the privilege which the husband had at common law to prevent the testimony of the wife against him.

The Attorney General replied that the statute makes it lawful for the wife to testify against her husband and that if she is willing to do so, any ground of objection to her so testifying is removed; and besides the husband cannot compel the wife to claim her privilege, if she has any.

PENNEWILL, C. J.:—[1] The statute unquestionably makes the wife in a criminal action against her husband a competent witness and makes her testimony competent testimony. It is unnecessary for us to decide now whether the wife might claim her privilege and decline to testify, but we are clearly of the

opinion that the husband in such an action cannot, under a claim of privilege, prevent the wife from testifying. We therefore over-rule the objection.

*Mr. Layton:*—I would like to have the witness asked if she would testify were she permitted to decline to testify.

*Mr. Reinhardt:*—I am not at all clear that she is entitled to decline.

PENNEWILL, C. J.:—Without deciding, either expressly or by implication, whether or not she might be compelled to testify against her husband, we will permit you to ask her whether she is willing to testify in this case against her husband.

The witness, among other questions, was asked:

"Q. Did anybody make you come or did you come of your own free will? *A.* My own free will. *Q.* You are here testifying because you are willing to testify against your husband in this case? *A.* Yes, sir."

The Attorney General thereupon proceeded with the examination.

PENNEWILL, C. J., after charging the jury upon the law as in *State v. Prettyman*, 6 *Boyce*, 452, 100 *Atl.* 477, said:

[2] It is the duty of the court to call your attention to a statute of this state (*Laws* 1917, *c.* 266) that was enacted and approved at the last session of the Legislature, and whch is in the following language:

"That in all cases where the penalty for crime prescribed by the laws of the state of Delaware is death, if the jury shall, at the time of rendering their verdict recommend the defendant to the mercy of the court, the court may, if it seems proper to do so, impose the sentence of life imprisonment instead of death."

This statute does not mean that the jury shall recommend the defendant to the mercy of the court in every case, but only where the facts and circumstances disclosed by the evidence warrant such recommendation.

Verdict, guilty in manner and form as indicted, with recommendation to the mercy of the court.

Sentence.

In imposing sentence the Chief Justice said:

Edward Jaroslowski, you have had a fair trial, and in your defense your counsel has done everything that could possibly have been done for you. But notwithstanding his efforts the jury found you guilty of murder in the first degree and in rendering their verdict recommended you to the mercy of the court. Because of such recommendation, and the testimony in the case, it seems proper to the court to impose the sentence of life imprisonment instead of death, by virtue of a statute of this state recently passed. The sentence of the court is, etc.