STATE *vs.* ABRAM E. FRANTZ, HOWARD R. FRANTZ and HENRY B. HOOK.

1. CRIMINAL LAW—DECLARATIONS OF CONSPIRATORS DURING EXISTENCE OF CONSPIRACY ARE ADMISSIBLE AGAINST OTHERS, BUT NOT THOSE MADE AFTER TERMINATION.

When a conspiracy has been proved, the declarations of a co-conspirator, made during the existence of the conspiracy and in furtherance thereof, are admissible against all the conspirators; but those made after the termination of the conspiracy are admissible only against the party making them or against a fellow conspirator, who was present when they were made and expressly or by implication acquiesced in them.

2. CRIMINAL LAW—CONSPIRACY MUST BE PROVED BY OTHER EVIDENCE, TO RENDER DECLARATIONS OF CONSPIRATOR COMPETENT.

The acts and declarations of a conspirator cannot bind other alleged conspirators until the state proves by other evidence, direct or circumstantial, that an unlawful combination existed.

3. CRIMINAL LAW—CONSPIRACY CAN BE ESTABLISHED BY TESTIMONY OF CONSPIRATOR.

The testimony of a co-conspirator given at the trial is competent evidence to prove the existence of the unlawful combination.

4. CRIMINAL LAW—WEIGHT OF TESTIMONY OF ACCOMPLICE IS FOR THE JURY; CORROBORATION UNNECESSARY.

The credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury, and, while prudence dictates great caution in weighing such testimony, the jury may convict on the uncorroborated testimony of an accomplice, if they are satisfied beyond a reasonable doubt of its truth.

5. CRIMINAL LAW—PLEA OF NOLO CONTENDERE.

The plea of nolo contendere is virtually a plea of guilty.

(*November 29, 1922.*)

PENNEWILL, C. J., RICE and HARRINGTON, J. J., sitting.

*Aaron Finger* and *Clarence A. Southerland,* Deputy Attorneys-General, for the State.

*Robert G. Harman* for defendants Abram E. Frantz and Howard R. Frantz.

Court of General Sessions for New Castle County, November Term, 1922.

Indictment for conspiracy, No. 89, September term, 1922.

PENNEWILL, C. J., charging the jury:

The indictment in this case is for conspiracy. It is charged therein that one of the defendants, Henry B. Hook, was, in the month of December last and in this county, negotiating with the board of health of this city, and with the council or the mayor and council of Wilmington with a view to procuring the recommendation by the said board of health of the adoption of a plan for the construction or acquisition of a garbage disposal plant of the type or kind known as the Davis plant; and also with the view of procuring the approval of said council of such recommendation and plan to be submitted by the said board of health; that the defendants did unlawfully conspire, combine, and agree, together and with other persons to the grand jurors unknown, unlawfully to offer rewards to a certain member or members of said board of health, the name or names of said member or members thus to be rewarded being to the grand jurors unknown, and the nature and amount of the rewards thus to be offered being likewise unknown, with the intent to induce said member or members of the board of health by means of rewards to vote for, agree to and officially approve of a recom-

mendation and submission by said board to said city council of a plan for the construction of a garbage disposal plant of the type or kind known as the Davis plant, and thereby to commit the offense of bribery.

It also charges that the defendants did unlawfully conspire and agree together and with other persons to the grand jurors unknown, unlawfully to offer rewards to certain of the members of said council of the city of Wilmington, the names of said members being to the grand jurors unknown and the nature and amount of rewards to be offered being likewise unknown, with the intent to induce said members of the city council, by means of rewards, to vote for, agree to and officially approve of a recommendation and submission by the said board of health to the said council of a plan for the construction of a garbage disposal plant of the said type or kind known as the Davis plant, and thereby to commit the offense of bribery.

There are several other counts in the indictment, but we think it would confuse rather than help the jury to state specifically the charge in each count. It is sufficient to say that under the indictment the defendants are charged with conspiring together by the offer of rewards to bribe, or unlawfully and corruptly induce, either a member or members of the board of health, or a member or members of the city council of the city of Wilmington, or members of both the board and council to officially recommend, vote for, agree to or approve the adoption or constuction of a garbage disposal plant of the type or kind known as the Davis plant.

Such are the charges against the defendants, to which two of them, Abram E. Frantz and Howard R. Frantz, have pleaded not guilty, and to which the remaining defendant, Henry B. Hook, has pleaded *nolo contendere.* The plea of *nolo contendere* is virtually a plea of guilty, and may be so regarded for the purposes of this case.

The motion of the defendants that the court instruct the jury to bring in a verdict for the defendants is refused.

Abram E. Frantz and Howard R. Frantz, two of the defendants, by their plea deny that they are guilty of any of the unlawful

acts as charged in the indictment, and insist that they did not enter into any conspiracy or agreement with Henry B. Hook or any other person to unlawfully and wickedly induce any member of the board of health or of the city council of the city of Wilmington, by the offer of reward, or by any other improper means, to recommend, vote for, agree to or approve the adoption or construction of a garbage disposal plant of the type or kind known as the Davis plant.

The law applicable to a case like this is well settled in this state by the following cases: *State v. Adams, et al.,* 1 *Houst. Cr. Cas.* 361; *State v. Stiegler, et al.,* 7 *Boyce* 236, 105 *Atl.* 667; *State v. Cole, et al.,* 1 W. W. Harr. (31 *Del.*) 279, 114 *Atl.* 201.

(The Court, omitting any specific reference to circumstantial evidence, then quoted from the 3rd to the 10th paragraphs, inclusive, of the charge in *State v. Cole, supra.*)

[1]   When a conspiracy has been proved, the declarations and statements of a co-conspirator, made during the existence of the conspiracy, and in furtherance thereof, are admissible against all the conspirators, but declarations and statements made after the termination of the conspiracy are admissible only against the party making them, and not against a fellow conspirator, unless the latter was present when they were made and expressly or by implication acquiesced in them.

[2, 3]   The acts, declarations and statements of a co-conspirator cannot bind other alleged conspirators until the state proves by other evidence, direct or circumstantial, that an unlawful combination between the defendants existed as charged in the indictment. But the testimony of a co-conspirator, given at the trial, is competent evidence to prove the existence of such unlawful combination. *State v. Adams, State v. Stiegler, et al.,* and *State v. Cole, et al., supra.*

[4]   The degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury. Great caution in weighing such testimony is dictated by prudence and good reason. A jury may convict upon the uncorroborated testimony of an accomplice, yet the

32 Del.]    Cunningham vs. Wilm. Ice Mfg. Co.    229

Syllabus.

better rule is that a conviction should not be had unless such testimony is corroborated in some material part by either direct or circumstantial evidence. But a jury may convict upon the testimony of an accomplice if they are satisfied from all the facts and circumstances of the case, beyond a reasonable doubt, that it is true, without any confirmation of such testimony; and in such case it would be their duty to do so. 1 *Greenleaf on Ev.*, § 380; *State v. Freedman*, 3 *Penn.* 403, 53 *Atl.* 356. The weight to be given to the testimony of a co-conspirator is for the jury alone, and to be considered in view of all the evidence. *State v. Stiegler, et al., supra.*

If you believe from the evidence beyond a reasonable doubt that the defendants Abram E. Frantz and Howard R. Frantz did corruptly and unlawfully conspire, combine, confederate and agree together, or one or both of them did so conspire, combine, confederate and agree with Henry B. Hook, the other defendant, to do the unlawful things charged against them in the indictment, your verdict should be guilty as to both Abram E. Frantz and Howard R. Frantz, or guilty as to one and not guilty as to the other, according as the evidence in your judgment shall warrant. *State v. Adams, et al., supra.*

If you are not satisfied beyond a reasonable doubt that the defendants, or at least two of them, did corruptly and unlawfully conspire, combine, confederate and agree together to do the things charged against them in the indictment, your verdict should be not guilty as to both Abram E. Frantz and Howard R. Frantz.

(The court also charged as to the presumption of innocence and defined a reasonable doubt.)