75 A.2d 218 (1950)
STATE
v.
THOMAS et al.
No. 58.
Court of General Sessions of Delaware, New Castle.
July 10, 1950.
Joseph H. Flanzer, Dep. Atty. Gen., for the State.
Stephen E. Hamilton, Jr., of Wilmington, for Howard Wood, Jr., alias Jesse Armstrong, and Samuel L. Owens.
*219 WOLCOTT, Judge.
To understand the basis of the defendants' motion, it is necessary to review in pertinent part the evidence produced by the State to charge the defendant Owens as a principal in the robbery in question.
The State called as a witness the proprietor of the retail liquor store in which the robbery in question took place. This witness testified that on the night in question he was held up and robbed in his store by two men. The witness was unable to identify the defendants as the men who held him up. He testified, however, that the robber who had the gun had some of the physical characteristics of the defendant Wood, including his general build, color and a small mustache extending from one end of his mouth to the other. This witness, whose eyesight is bad, was however, unable to identify Wood positively as the man who held the gun on him.
He testified further that he knew the defendant Owens by sight but that he could not identify him as one of the men who participated in the robbery.
In point of fact, the defendant Owens is substantially taller than the defendant Wood, is clean-shaven and of a much darker complexion.
The State's proof to connect Owens with the crime consists solely of a confession made by the defendant Wood. This confession implicates the defendant Owens in the robbery and specifically identifies him as the man who had the gun with which the prosecuting witness was held up.
The confession of Wood was repudiated by him at the time of trial. He stated that he made the confession because, prior to his arrest, the defendant Owens, having been arrested on a different charge, made a statement to the police implicating the defendant Wood in the robbery in question. The statement made by Owens, however, did not amount to a confession of participation in the robbery in question. The defendant Wood testified that he made his confession because of resentment against Owens who had led the police to him.
When the Wood confession was read to the defendant Owens in advance of trial, he denied vigorously that part of it which implicated him in the robbery.
The case was submitted to the jury under instructions regarding the credibility to be given the testimony of accomplices. This instruction was in accordance with the rule of State v. Frantz, 2 W.W.Harr. 225, 121 A. 652, which, in substance, is that while a jury may convict upon the uncorroborated testimony of an accomplice, yet, the better rule is that a conviction should not be had unless such testimony is corroborated in some material part by either direct or circumstantial evidence.
The defendant Owens did not move during the trial for a directed verdict of not guilty, but his failure to do so does not preclude a motion for a new trial based upon the same reasons. See Fitzgerald v. Metropolitan Life Ins. Co., 90 Vt. 291, 98 A. 498.
It is, of course, well settled in the law of this state that the jury is the sole judge of the credibility of the witnesses and of the weight and value of their testimony. The jury may believe some witnesses and disbelieve others, and it does not lie within the power of the Court to interfere with the findings of the jury in that respect. It is, however, the province of the Court to set aside a verdict of the jury where there is no evidence before it upon which a verdict of guilty could be reasonably based, and in such instance to grant a new trial. D'Amico v. State, 6 Boyce 598, 102 A. 78; Philadelphia B. & W. R. Co. v. Gatta, 4 Boyce 38, 85 A. 721, 47 L.R.A., N.S., 932, Ann.Cas.1916E, 1227.
The State is required to prove the guilt of Owens beyond a reasonable doubt. The only evidence offered by the State to *220 connect Owens to the crime is the confession of his codefendant. This confession purports to implicate Owens as the gunman who performed the holdup of the prosecuting witness. This witness, however, testified to a general description of the gunman which, if true, made it impossible that Owens was the man. There is, therefore, an irreconcilable conflict in the State's case against Owens. If the prosecuting witness is to be believed, necessarily the confession of Wood in so far as it implicates Owens must be entirely discredited, and if that is done, there is no evidence in the record to charge Owens as a principal in the crime. To justify a conclusion of guilt as to Owens, on the other hand, it is necessary to reject in large part the testimony of the victim of the crime. This, under the circumstances, would hardly seem to be justified.
Since the State's case against Owens consists of irreconcilable testimony, the most credible part of which must be rejected in order to support a conclusion of guilt, it seems apparent that at least a reasonable doubt exists as to the guilt of Owens. This doubt is so patent that it will be recognized by the Court.
The motion for a new trial is granted.