STATE OF DELAWARE V. EDWARD J. BRYSON.

(*February* 29, 1952.)

CAREY, J., sitting.

*H. Albert Young,* Attorney-General, *Vincent A. Theisen,* Chief Deputy Attorney-General, and *Stephen E. Hamilton, Jr.,* Deputy Attorney-General, for the State.

*Harold Leshem* for the defendant.

Superior Court for New Castle County, Criminal Action No. 108a, September Term, 1951.

CAREY, Judge:

Guessford's written confession, standing alone, was concededly inadmissible. *State v. Prettyman*, 6 *Boyce* 452, 100 *A*. 476; *State v. Frantz*, 2 *W. W. Harr.* 225, 121 *A*. 652. It was admitted upon the theory that it formed the necessary predicate to a possible implied acquiescence in its truth by Bryson, the Court then being of the opinion that the statement attributed to him could be deemed an evasive answer. With respect to this part of the case, the Court used these words in its charge to the jury:

"You will recall that there was testimony to the general effect that this statement was read to the defendant, Edward Bryson. You will recall that there is a conflict of testimony as to what he said when that was done * * *

"Under the law of this State, declarations and statements made by one co-defendant after the termination of their crime are not admissible against another defendant, unless the latter was present when the statements were made and either expressly or impliedly acquiesced in them or agreed with them.

"Now, under some circumstances, a man's failure to speak up and to deny an accusation made against him tends to show that he agrees with that accusation. In such instances, his silence or his failure to deny or his giving an evasive answer to the accusation is some evidence from which the jury may infer that he acquiesces in the statement and admits it is true. But the jury is not justified in drawing this inference unless the circumstances at the time that the statement was made were such as would, first of all afford him the opportunity to deny or object to the statement, and, second, that the circumstances were such as would properly and naturally call for a denial or objection from an innocent man similarly situated.

"In this case, if you find that the defendant, Bryson, did, in fact, directly after the statement was read to him, say that he was not guilty of anything, or words to that general effect, then you should give this exhibit no further consideration at all, because, if, when it was read to him, he said, 'That is not true' or 'I deny everything in it', or anything of that nature, then he did not acquiesce in it, he did not agree with it, and, therefore, under those circumstances, there would have been no admission by him of its truth.

"But, on the other hand, if you find that he did not make any such denial, and if you consider that his answer was really an evasive one, that is, when the paper was read to him, then you may, if you deem it proper, draw an inference that he did acquiesce and agree with the statements made, and, in such case, it would be an implied admission of the confession and should be given just such weight as you think it is entitled to in connection with all the circumstances of the case.

"I must say to you, however, that the probative force of this kind of evidence is not great, ordinarily, and should be received with great caution. If it is considered by you at all, it should be carefully weighed and considered not only in the light of the circumstances existing at the time that the statement was read

to him but also in connection with all the other testimony and evidence which has been presented to you."

If this item of evidence was admissible, the quoted charge is substantially correct. *State v. Frantz, supra; Godwin v. State,* 1 *Boyce* 173, 74 *A.* 1101; *State v. Blackburn,* 7 *Penn.* 479, 75 *A.* 536; *Commonwealth v. Smith,* 105 *Pa. Super.* 497, 161 *A.* 418; 2 *Wharton's Criminal Evidence* 1089 *etc.;* 22 *C. J. S., Criminal Law,* § 769, *p.* 1312; see also annotations in 80 *A. L. R.* 1235 and 115 *A. L. R.* 1510.

Under my present views, however, error was committed in treating the answer "I will do my talking in Court" as an evasive one which properly authorized an inference of acquiescence. The following quotation from *O'Hearn v. State,* 79 *Neb.* 513, 113 *N. W.* 130, 133, 25 *L. R. A., N. S.,* 542, well expresses the reason for this view: "O'Hearn was asked by a police captain if he wanted to make any statement in regard to it. He said he did not; he would make his statement at the proper time, or that he would stand trial and tell his story then, as the witnesses variously testify. * * * By his conduct and words he neither assented to nor denied the truth of the statement read; but indicated his purpose to make his own statement and tell his own story at the proper time. Under such circumstances, taking into consideration the fact that the defendant was under arrest, that it was sought by the officers in whose custody he was to elicit a statement from him as to the facts of the crime to be used against him, surrounded by hostile influences, and with the fear that what he might say might be misconstrued, or used to his injury, the fact that the defendant reserved his statement until some future time is far from giving countenance to the idea that he thereby assented to the statement which had been read in his hearing. So far from giving color to the idea of assent it rather conveys to an unprejudiced mind the idea of dissent and the intention to tell the true facts himself."

The *O'Hearn* case concerned a statement almost precisely like the reply given in this case. The same is true of *State*

*v. Hester*, 137 *S. C.* 145, 134 *S. E.* 885. Although I do not subscribe to everything that was said in the *O'Hearn* and *Hester* cases, I do agree with the conclusion that this reply is not reasonably open to the interpretation that it constitutes an acquiescence. It follows that the admission into evidence of Guessford's written confession was error.

It is contended by the State, however, that such error was not sufficiently harmful in this instance to warrant the granting of a new trial. The State's case against Bryson depended principally upon Guessford himself; its other witnesses simply corroborated his story in several respects. The conflict in the testimony, therefore, was largely a matter of Guessford's word against Bryson's word. The evidence, which I now hold was erroneously admitted, coupled with the Court's statement that an inference of acquiescence was permissible, may well have been the deciding factor in the jury's determination of the factual dispute. Under these conditions, I cannot hold that the error was harmless. The defendant's motion will be granted.