THOMAS JOYCE, alias Teddy Joyce, and PASQUALE VILLANO, alias Patsy Villano, defendants below, Plaintiffs in Error, *vs.* THE STATE OF DELAWARE, Plaintiff below, Defendant in Error.

(*November* 17, 1927.)

WOLCOTT, Chan., PENNEWILL, C. J., RICE, HARRINGTON and RODNEY, J. J., sitting.

*John F. Malloy* for Plaintiffs in Error.

*Clarence A. Southerland*, Attorney-General, for Defendant in Error.

Supreme Court, June Term, 1927.

RODNEY, J., delivering the opinion of the court:

The third and fourth assignments of error may be disposed of summarily. They relate solely to the sufficiency of the evidence which would warrant a conviction. An examination of the testimony in the record shows such a state of facts which, if believed by the jury, would fully warrant a verdict of guilty.

The learned trial court, in the clearest possible language, charged the jury that—

"The degree of credit which ought to be given to testimony of an accomplice is a matter exclusively within the province of the jury.

"Great caution in weighing such testimony is dictated by prudence and good reason. A jury may convict upon the uncorroborated testimony of an accomplice, yet the better rule is that a conviction should not be had unless such testimony is corroborated in some material part by either direct or circumstantial evidence. But a jury may convict upon the testimony of an accomplice if they are satisfied from all the facts and circumstances of the case,

beyond a reasonable doubt, that it is true, without any confirmation of such testimony; and in such case it would be their duty to do so."

This is, we believe, a correct statement of the law of this state (*State v. Frantz*, 2 *W. W. Harr.* [32 *Del.*] 225, 121 *A.* 652), and the evidence, if believed, being sufficient to warrant the conviction, the third and fourth assignments of error are disposed of.

■ The sixth assignment of error is so indefinite as to be unintelligible and will not be considered.

· ■ The first and second assignments of error relate to the admission of the evidence of Ragevich and the refusal of the court to strike out this testimony after it was admitted. If this testimony of Ragevich had any tendency to logically prove any material fact in the case, then it would be relevant and admissible. .

This court in *Dougherty v. White*, 2 *Boyce* 316, 80 *A.* 237, *Ann. Cas.* 1914C, 876, said:

"It is well settled that, if the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy, it should go to the jury. * * * Any circumstances that may afford a fair and reasonable presumption of the fact to be tried, are to be received and left to the consideration of the jury, who are to determine upon their precise force and effect, and whether they are sufficiently satisfactory to warrant them in finding any of the facts in issue. * * * It is said that the great and general rule upon the subject seems to be this—that all facts or circumstances upon which any reasonable presumption can be founded as to the truth or falsity of the issue, or disputed fact, are admissible in evidence."

■ Tested by these standards, let us briefly examine the testimony. The charge against the defendants was conspiring to give aid to one Firpo so that he (Firpo) might avoid arrest after an assault and battery committed by him on Haley.

· Firpo testified that he committed the assault at the instigation of Joyce, one of the defendants and in consideration of money paid by Joyce.

The entire theory of the state's case, was that Joyce was engaged in an unlawful traffic in beer and that Haley, as special officer of the Law and Order Society, was interfering with such traffic.

· Certainly, then, any testimony which would have a tendency to prove any effort or motive on the part of Joyce to remove Haley

or to hamper Haley in his investigation or oversight over Joyce's business would be material.

The testimony of Ragevich then is to the effect that Joyce believed that Ragevich was the cause of Haley's interfering with his trucks and that he (Joyce) offered Ragevich $2,500 for his house if he would leave Haley and the state of Delaware. This testimony either had a tendency to prove that Joyce was attempting to stop or interfere with Haley's work in so far as it affected Joyce and therefore that the testimony was material, or else it was absolutely meaningless. In the one case it would be admissible and in the other it would be harmless and not prejudicial. Believing that it was material, we see no error in its admission or in the refusal of the trial court to later strike out the testimony.

■ This, then, brings us to a consideration of the fifth assignment of error, namely, that the trial court erred in its discretion in not granting a new trial upon the afterdiscovered evidence set out in the affidavits filed in the record.

It is not necessary here to restate the law of this state with reference to the discretion of a trial court in the grant or refusal of a new trial on the ground of after-discovered evidence. This court in *Bringhurst v. Harkins*, 2 *W. W. Harr.* 324, 122 *A.* 783, reviewed the law on that subject and it is now only material to apply that law to the given facts in this case. The court in the cited case said that judicial discretion will not be reversed "unless it appears it was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." This is succinctly the law of the present case. Nowhere in the record, or in the brief of the appellants, does there appear any suggestion that the discretion of the trial judge was improperly exercised. The citations produced by the appellants simply show that a new trial might have been granted by the court below. The trial judge, of course, appreciated the fact that the trial was started on October 7, on which day the entire testimony for the state was presented so that the defendant knew on that day every statement of the witnesses. The trial court knew that the names of those persons who later made the affidavits, which were the bases of the application for a

new trial, were all either within the knowledge of the defendants before the trial or made known to the defendants by the witnesses for the state on October 7.

No sufficient attempt seems to have been made to obtain the witnesses whose names were thus known, nor to obtain any delay of the hearing until such testimony could be procured.

Sound considerations of public policy require that persons charged with crime, being in possession of the names of material witnesses, may not voluntarily proceed with the trial without the attendance of those witnesses and then, in the event of an adverse finding by the jury, seek and obtain a new trial for the sole purpose of producing such witnesses.

We perceive no error in the exercise of the judicial discretion of the refusal of a new trial, and the fifth assignment of error is, therefore, overruled.

The judgment of the court below is affirmed, and the case must be remanded to the Court of General Sessions for New Castle County for further proceedings consistent with this opinion.