CHARLES S. SMITH, JR., Appellant, v. STATE OF DELAWARE, Appellee.

(*October* 19, 1956.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*John M. Bader* (of the firm of Balick and Bader) and *E. J. Wilson* for appellant.

*Frank O'Donnell, Jr.,* Deputy Attorney-General, for appellee.

Supreme Court of the State of Delaware, No. 20, 1956.

BRAMHALL, J.:

The principal questions raised by this appeal relate to the sufficiency of the evidence to support the conviction and to the charge of the court in certain respects on the law of accomplices.

Appellant was indicted and tried for robbery alleged to have been committed by appellant and two other young men

upon one Edgar Megginson. The jury found appellant guilty. Appellant appealed.

The substantial facts, concerning which there was little or no dispute, are as follows:

On the evening of January 3, 1956, appellant and two other young men, Wesley Johnson and Christian O. Walls, met Megginson in a drinking place known as "The Washington House" in Newark, Delaware. Shortly after the meeting Johnson went into the men's room, followed almost immediately by Walls and appellant. There, in the presence of appellant, Johnson and Walls discussed the question of "rolling" Megginson. Appellant took no active part in this conversation. He did not inform the others that he would or would not go along with them, although it was apparently understood that appellant's car would be used in returning from the scene, since appellant was the only one other than Megginson who had a car. Some time after returning from the men's room they left the Washington House with Megginson and went to the latter's car. Johnson and Walls got into Megginson's car with Megginson and appellant got in his own car. Megginson being too intoxicated to drive, Walls drove Megginson's car. Appellant in his own car followed Megginson's car to a dirt road known as Cherry Lane or Casho Mill Road. Walls turned up this road for a short distance and then turned off the road and drove some 50 or 60 feet into an adjoining field. Appellant followed behind Walls, turned his car around and parked it on the side of the dirt road. Walls, Johnson and appellant got out of the two cars and held a conversation, at which time they informed appellant "what they had in mind". Appellant was also told that his car was to be used as the get-away car. Walls and Johnson went to Megginson's car, proceeded to beat him severely about the head and face, and took $58 from his person. Appellant got out of his car to go to Johnson and Walls. He met them returning from Megginson's car. The three young men then left in appellant's car, divided the proceeds of the robbery among themselves, and drove to Baltimore.

Appellant stated that when he heard Walls and Johnson at the Washington House talking about robbing Megginson he thought they were joking, that it was not until they reached the field that he realized that they were serious. Appellant also said that he never had any intention of taking any part in the robbery, although he admitted that he remained in the field for the purpose of driving Walls and Johnson away from the scene of the crime, and accepted his share of the proceeds of the robbery.

Appellant's objections present the following questions: (1) Was the evidence of corroboration of the testimony of accomplices sufficient to support a conviction?; (2) Was the trial court warranted in refusing to charge the jury to the effect that one who was present at the scene of the crime but did not participate therein was not an accomplice?; (3) Did the trial court in its instructions to the jury place sufficient emphasis on the caution to be exercised by the jury in considering the testimony of the accomplices?; (4) Was the trial court, in its instructions to the jury explaining the meaning of the words "aids, abets", etc., as these words appear in 11 *Del. C.* § 102, guilty of violating Article 4, Section 19 of the *Constitution of the State of Delaware?*; and (5) Was there an abuse of discretion on the part of the trial court in refusing to place appellant upon probation?

■■ (1) Appellant asserts that the material elements of the offense, depending solely on the testimony of accomplices, were not sufficiently corroborated to prove appellant's guilt beyond a reasonable doubt. He states that the testimony of the two accomplices contains serious discrepancies, is full of conclusions and generalizations and is colored by the desire on their part to implicate appellant.

This criticism of the accomplices' testimony may be sound, but it raises nothing but a question of weight, which was for the jury. We think that the testimony was sufficiently specific to show appellant's participation in the commission of the crime. Their testimony was corroborated on many important points by

appellant's statement to police at the time of his arrest and in his testimony at the trial. Appellant admitted that he was with the accomplices at the Washington House prior to the commission of the crime and had a conversation with them there; that he followed accomplices to the scene of the crime; that he watched accomplices get out of Megginson's car and run back to appellant's car; that he permitted the accomplices to get into his car and that he then drove off, continuing until he reached Baltimore; that he received $19 as his share of the proceeds of the robbery. In fact the jury would have been justified in taking appellant's testimony as an admission of participation. It was substantially similar in all respects to the testimony of the accomplices, except that appellant denied that prior to going to the scene of the crime he believed that accomplices were *serious* when they talked about "rolling" Megginson or that he ever *intended* to take any active part in the commission of the robbery.

■ The evidence is clearly sufficient to support the verdict.

■ (2) Appellant objects to the failure of the trial court, upon his request, to charge the jury that one who was present at the scene of a crime, but who took no part in it, was not an accomplice. Appellant's request is as follows:

"One who was present when the crime was committed but who took no part therein, either by way of aid or by way of encouraging its commission, is not an accomplice although he acquiesced in the commission of the offense and even though he mentally approved of the act."

As an abstract principle of law we find no fault with appellant's prayer. See 1 *Wharton, Criminal Law, p.* 333 § 246. But the testimony in this case did not warrant appellant receiving such a charge. Appellant knew that a robbery was about to be committed. He was present when the plans were laid. With knowledge of the accomplices' intentions, he participated therein to the extent of driving his car to the scene of the crime, turning it around, and after the commission of the crime driving off with the accomplices to Baltimore, and dividing the proceeds

with accomplices. The real issue before the jury was whether the evidence was sufficient to convince them of appellant's guilt beyond a reasonable doubt. Under such circumstances, the requested charge would have been misleading because not adapted to the facts. We think the court properly refused it.

(3) Appellant objects to the charge of the trial court relative to the weight to be given the testimony of an accomplice. In this respect, the trial court charged the jury as follows:

"A portion of the evidence in the State's case consists of that of participants in the crime of which this defendant is accused. I am now talking about Johnson and Walls. The degree of credit to be given to the evidence of a participant or an accomplice is a matter exclusively within the province of the jury. Prudence dictates that such testimony shall be viewed with caution, but, in the final analysis, it is for you ladies and gentlemen to decide whether the evidence of Walls and Johnson should be accepted as reliable."

No exception was taken at the trial to this portion of the charge.

Specifically, appellant objects to the omission of the word "great" before the word "caution" as used in the case of *State v. Frantz*, 2 *W. W. Harr*. 225, 121 *A*. 652, 653, in which the court charged the jury as follows:

"The degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury. Great caution in weighing such testimony is dictated by prudence and good reason. A jury may convict upon the uncorroborated testimony of an accomplice, yet the better rule is that a conviction should not be had unless such testimony is corroborated in some material part by either direct or circumstantial evidence. But a jury may convict upon the testimony of an accomplice if they are satisfied from all the facts and circumstances of the case, beyond a reasonable doubt, that it is

true, without any confirmation of such testimony; and in such case it would be their duty to do so."

The language of the charge in the *Frantz* case was approved in the opinions of the court in the cases of *Joyce v. State*, 3 *W. W. Harr.* 490, 139 *A.* 254; and *State v. Thomas*, 6 *Terry* 385, 75 *A.* 2d 218, and has been followed by our courts since that time.

Similar language is used by the courts in a number of other states. In other states statutes have been enacted requiring a trial court to charge a jury substantially in the same language. We have no such statute in this state. It has been held by the courts of a number of states that the giving of such admonishment lies within the discretion of the trial court. *United States v. Becker*, 2 *Cir.*, 62 *F.* 2d 1007; *Commonwealth v. Elliott*, 292 *Pa.* 16, 140 *A.* 537; *State v. Simpson*, 120 *Utah* 596, 236 *P.* 2d 1077. Some courts have held that such a charge is not necessary where there is testimony corroborating the testimony of the accomplice. *Cupps v. State*, 120 *Wis.* 504, 97 *N. W.* 210, 98 *N. W.* 546; *State v. Troiani*, 129 *Wash.* 228, 224 *P.* 388. It has also been held, absent a request therefor, that failure to give such instructions is not error. *State v. Soltau*, 212 *Minn.* 20, 2 *N. W.* 2d 155; *State v. Hale*, 231 *N. C.* 412, 57 *S. E.* 2d 322.

We do not have to decide such questions here. There was corroboration of the testimony of accomplices in the statement and testimony of appellant himself. In fact, the testimony relating to the physical facts is not even disputed: the only dispute is as to the inferences which may be drawn from such testimony. It is clear under the decisions generally that a trial court is permitted some discretion in the choice of language used in charging the jury relative to the weight to be given to the testimony of accomplices. Here the trial court called the jury's attention to the fact that Johnson and Walls were accomplices and that their testimony should be "viewed with caution". Under these circumstances, we think that the omission by the trial court in its charge of the word "great" lay within the discretion of the court and that the conviction of appellant should not be disturbed for this reason. This is particularly true in view of the

fact that no objection was made at the trial to this portion of the trial court's charge, when it could have had an opportunity to consider appellant's objection and, had it so desired, make such corrections in the charge as it might have deemed advisable.

■ (4) The trial court charged the jury relative to the meaning of the words "aids, abets, procures, commands or counsels" as they were used in the statute. The court went on to instruct the jury that there was no evidence of "procuring" or "commanding" and that they should not give these words any considerations in their deliberations. Appellant contends that by this language the trial court implied to the jury that there was evidence of aiding, abetting, and counseling, and that in giving this portion of the charge the trial court violated the provisions of Section 19, Article 4, *Constitution of the State of Delaware*, providing:

"Judges shall not charge juries with respect to matters of fact, but may state the questions of fact in issue and declare the law."

The statute which was the basis for this part of the trial court's charge is as follows: (11 *Del. C.* § 102)

"Whoever aids, abets, procures, commands or counsels any other person to commit a crime or offense against the State is an accomplice and is guilty of the same crime or offense as the principal."

Appellant concedes that the trial court would have had the right, in a proper case, to instruct the jury that there was no evidence supporting the crime for which a defendant might be indicted. But appellant contends that by this language the trial court implied that there *was* evidence of aiding and abetting, and in so instructing the jury the trial court was guilty of commenting upon the evidence in a manner prohibited by the Constitution of this State. He states that the trial court should simply have instructed the jury to determine whether there was evidence of aiding and abetting without referring to procuring or commanding.

We fail to follow appellant's reasoning. Of course, whenever the trial court submits an issue to the jury, there is an implied finding that there is some evidence to support it; otherwise, it would not be submitted. The trial court instructed the jury that if they believed that appellant "aided", etc., he would be guilty of robbery. The court then explained to the jury the meaning of these words. It then went on to state that it found no evidence that appellant was guilty of procuring or commanding and that the jury should therefore not consider the guilt or innocence of appellant as to this portion of the statute.

As we view this portion of the charge, the trial court intended to, and did, withdraw from the consideration of the jury the question of whether or not appellant was guilty of procuring or commanding; the question of whether or not appellant was guilty of aiding, abetting or counseling was left to the jury for its consideration. Since there was no evidence of procuring or commanding, it was the duty of the trial court to instruct the jury to that effect.

Appellant contends that it was an abuse of discretion on the part of the trial court in refusing to grant probation to appellant. Appellant concedes that there is no force to this contention unless the pre-sentence investigation made by the New Castle County probation officer in some manner becomes a part of the record in this case, and, further, unless the said report is favorable to appellant.

The investigation of the New Castle County probation officer is not a part of the record in this case, nor has this court been informed in any manner as to what is contained therein. In view of these circumstances, this objection of appellant cannot be considered.

There is no error. The judgment is affirmed.