Roosevelt Turner, Appellant, v. State of Delaware, Appellee.

(*January* 6, 1958.)

Southerland, C. J., Wolcott and Bramhall, J. J., sitting.

*Louis L. Redding* for appellant.

*Frank O'Donnell, Jr.,* Chief Deputy Attorney-General, for appellee.

Supreme Court of the State of Delaware, No. 26, 1957.

BRAMHALL, J.:

Appellant was tried and convicted upon an indictment relating to offenses designated in the statute (Title 11, § 732) as "furthering prostitution." Specifically, it was charged in the indictment that appellant (counts 1 & 2) did aid and abet, procure and counsel one Bessie Hobbs and Ann Turner respectively to commit the crime of prostitution; (count 3) did keep, maintain and operate a place, structure, building or conveyance for the purpose of prostitution or assignation; (count 4) did occupy a place, structure or building for the purpose of prostitution or assignation or did knowingly permit said structure to be used for said purpose of prostitution or assignation; (counts 5 & 6) did aid, abet, procure or counsel one Bessie Hobbs and one Ann Turner respectively to commit the crime of residing or remaining in a place, structure or building for the purpose of prostitution or assignation.

The evidence offered by the State consisted largely of the testimony of one witness. That witness testified that she was at the premises in question, mostly on week-ends, from December 26, 1955, to February 14, 1956, and that at that time appellant, one Ann Scamboni, alias Ann Turner, Bessie Hobbs and Samuel Thomas were also living on the premises; that the layout of the premises consisted of a center hall leading to the front door, with a living-room on one side and a kitchen or dining room on

the other; that the hall also led to a stairway on the second floor; that she was personally engaged in prostitution on the premises; that during the same period she was also living during the week in Chester, Pa.; that she was brought to the premises in question by one Samuel Thomas and, on occasion by Thomas and appellant in appellant's car; that men called at this location to see her and Bessie Hobbs and Ann Turner; that appellant, if he were present, would answer the door and take any man who might be calling into the living-room, where the girls would be sitting; that the man would select a girl; that they both went upstairs; that, upon returning after a short time, the girl gave to appellant or to Thomas some money; that the witness, upon going upstairs with the man asking for her had sexual intercourse with him; that appellant instructed the girls as to their method of asking for payment and as to what they should do and what they should not do; that appellant and Thomas supplied the girls with food and liquor and furnished oil for heating the house.

Appellant denied this testimony, stating that he had never had anything to do with prostitution. Both Turner and Hobbs denied that they had been engaged in prostitution or that appellant had ever tried to persuade them to do so.

The jury returned a general verdict of guilty. A motion for acquittal filed at the conclusion of the State's testimony, while not renewed at the conclusion of the evidence, as provided by Rule 29(b) of the Rules of Criminal Procedure of the Superior Court, *Del. C. Ann.*, was filed within five days thereafter in the form of a motion for acquittal, or, in the alternative, for a new trial. That motion being denied, appellant appealed to this Court.

In his appeal appellant challenges the sufficiency of the evidence to sustain a conviction. He says there was a total lack of evidence that he committed the offenses condemned by the statute under which Counts 1 and 2 of the indictment were drafted; that as to Counts 3 and 4, appellant contends that

these charges involve control and management and that the State produced no evidence whatever showing that appellant owned or rented the building in which the acts of prostitution were alleged to have occurred or that he had any control over the same; that as to Counts 5 and 6, appellant denies the sufficiency of these counts for the same reason set forth as to Counts 1 and 2.

A further question is raised by the Attorney General as to the right of appellant to proceed with this appeal. The Attorney General contends that under Rule 29(b) of the Rules of Criminal Procedure of the Superior Court a motion for acquittal must be renewed at the close of all the evidence and that since appellant did not renew his motion at that time, he cannot now be heard in this appeal.

It is true that Rule 29(b) provides for a renewal of a motion for acquittal at the conclusion of all the evidence. It is admitted that no such motion was made at that time, although a motion for acquittal, or, in the alternative, for a new trial, was filed five days thereafter. The State's point seems to be well taken. However, since a motion for acquittal was ultimately made, we prefer to decide the case on its merits.

The sole question for the determination of this Court is whether or not the evidence was sufficient to sustain the conviction.

All six counts of the indictment were based upon Title 11, *Del. C.*, 1953, § 732, relating to crimes of "furthering prostitution" and upon Title 11, *Del. C.*, 1953, § 102(c) providing that whoever aids, abets, procures, commands or counsels another to commit a crime against the State is an accomplice and is guilty of the same crime or offense as the principal. Although directed by the trial judge to return a separate verdict as to each count of the indictment, the jury returned a general verdict of "guilty". However, the record does not show that at the time the verdict was given, or later, appellant made any objection to the form of the verdict. Absent such a request in a

case such as this, where the different counts of the indictment all relate to crimes of "furthering prostitution", a general verdict of guilty will be sustained if there is evidence sufficient to sustain a conviction on any count. *State v. Shelbrick,* 33 *N. J. Super.* 7, 109 *A.* 2d 17; *State v. Gallo,* 128 *N. J. L.* 172, 24 *A.* 2d 557, affirmed 129 *N. J. L.* 52, 28 *A.* 2d 95; *Commonwealth v. Oxman,* 173 *Pa. Super.* 482, 98 *A.* 2d 424; *State v. Fox,* 83 *Conn.* 286, 76 *A.* 302; *State v. Reed,* 53 *Mont.* 292, 163 *P.* 477.

 Without passing upon the evidence to support a conviction upon other counts in the indictment, we think that there is sufficient evidence presented in the record justifying the conviction of appellant upon Counts 5 and 6 of the indictment, charging appellant with aiding, abetting, procuring or counselling Hobbs and Turner respectively to commit the crime of residing or remaining in a building for the purpose of prostitution or assignation. The State's principal witness testified that she was engaged in prostitution on the premises. The clear inference from her testimony is that both Hobbs and Turner were also engaged in prostitution on the premises and that appellant had knowledge thereof. Knowledge is, of course, subjective; whether a person knows a thing or not usually is determined by the circumstances. *Commonwealth v. Cardone,* 152 *Pa. Super.* 466, 33 *A.* 2d 94. With this knowledge the action of appellant in meeting the men at the door, taking them to the girls, advising the girls as to what they should and should not do when meeting the men, furnishing food, liquor, and fuel and, on occasion, going with Thomas to Chester for the purpose of bringing the prosecuting witness to the premises was sufficient to sustain a conviction of appellant under the fifth and sixth counts of the indictment.

Appellant contends that the language of these counts of the indictment should be interpreted as meaning more than "permit"; that in order for appellant to be criminally responsible under these counts, his act must have been the efficient cause of Hobbs and Turner remaining on the premises, engaging in prostitution.

 It is true that the mere presence of appellant at the scene of the crime, of itself, is not generally sufficient to sustain a conviction upon such a charge, but it is not necessary that the act or acts of appellant be the efficient cause of Hobbs and Turner remaining on the premises for the purpose of prostitution. It is sufficient if appellant advocated or encouraged in some manner the commission of the crime. *Coleman v. State,* 209 *Md.* 379, 121 *A.* 2d 254; *Commonwealth v. Strantz,* 328 *Pa.* 33, 195 *A.* 75. A person who is present, actually or constructively, at the scene of a crime encouraging or inciting the same by words, gestures, looks or signs, or who in any way or by any means countenances or approves the same is, in law, guilty of aiding and abetting the crime and is liable as principal. *Brown v. Commonwealth,* 130 *Va.* 733, 107 *S. E.* 809, 810, 16 *A. L. R.* 1039; *Foster v. Commonwealth,* 179 *Va.* 96, 18 *S. E.* 2d 314, 316.

In his brief relating to the sufficiency of the evidence to sustain a conviction, appellant complains of his conviction of "several offenses" upon the testimony of an alleged "self-confessed accomplice". The nature of appellant's objection is not entirely clear to us. Although appellant was represented by counsel, the record does not disclose any motion or prayer offered by appellant relating to the testimony of this witness or to the testimony of accomplices in general. Apparently his objection is based upon the failure of the trial judge to give the usual charge in cases of accomplices to the effect that while a jury may convict upon the unsupported testimony of an accomplice, the better rule is that a conviction should not be had unless such testimony is corroborated in some material part by other testimony or by the circumstances of the case.

██ It is at least doubtful that the prosecuting witness was an accomplice. Appellant was indicted under six counts upon charges relating to "furthering prostitution". All of these counts, with the exception of the third and fourth, specifically relate to charges against women other than the State's witness. The generally accepted test as to whether a witness is an accomplice is whether he himself could have been indicted as an accomplice

or accessory. If he could not, then he is not an accomplice. See 14 *Am. Jur.* 840, Criminal Law, Section 109 and cases cited thereunder. We do not, however, decide this point.

■ Rule 30(a) of the Rules of Criminal Procedure for the Superior Court provides, *inter alia,* "Except with the special permission of the court, no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." No request for the charge was made at the trial. No. objection was made immediately after it was given to the failure of the trial judge to make such a charge. No request for special permission of the Court to assign this failure as error was made. We think that any objection thereto at this time comes too late.

The judgment of the Court below is affirmed.