Charles **CRAWFORD**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

Hudson D. **WALKER**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Aug. 14, 1968.

Reargument Denied Sept. 5, 1968.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, for appellant Crawford.

Charles K. Keil, Asst. Public Defender, Wilmington, for appellant Walker.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for appellee.

WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The defendants below, Charles Crawford and Hudson D. Walker, have appealed from sentences imposed in the Superior Court after jury verdicts of guilty of robbery. They were tried jointly, but have filed separate appeals which have been consolidated for argument.

Walker contends that there was insufficient evidence to justify a finding that he was a principal offender. Crawford contends that the only acceptable evidence connecting him with the crime was the testimony of accomplices which, he argues, is insufficient to support a conviction under Delaware law. Both appellants contend that (1) error was committed when the State was allowed to show that the warrants were served on them in a courthouse in Massachusetts; (2) the Court erred in denying a motion for mistrial because of certain statements made by the prosecuting attorney in summation; (3) the Court erred in stating that the jury might keep in mind the fact that defendants did not testify; and (4) error occurred when the prosecuting attorney was allowed to reserve his comments on certain aspects of the case for his rebuttal summation which should have been argued in his opening summation.

The State's evidence showed the following events: In the evening of July 10, 1967, the two defendants were riding in a car driven by Walter Hammond; also in the car was Dennis Morton. At the direction of Crawford, they stopped at a place near, but out of sight of, a liquor

store operated by the victim, John F. Bender. Walker remarked that he was going to get some beer, left the car and walked around the corner toward the liquor store. Crawford said that he was going to get some money from a relative and walked in a different direction from that taken by Walker. The latter went into Bender's store and asked and paid for a can of beer. As he was reaching for the beer, Crawford entered, pulled out a pistol, and said, "This is a hold-up." He then told Walker to "get the money," but apparently changed his mind and told Bender to get it. Walker took his own wallet from his pocket and gave it to Crawford, and Bender gave Crawford the money from the cash register. Crawford ran out of the store and in a roundabout route returned to the car and told Hammond to drive around the corner to pick up Walker. Bender ran out of the store, after telling Walker to remain there. He apparently tried to follow Crawford, but lost sight of him. As Bender was returning, Walker ran up an alley, taking with him a six-pack of beer for which he had not paid, and met the car. As they drove off, Crawford said that he had gotten $28.00. Hammond suggested that they go to Baltimore, whereupon Crawford gave him $7.00 for gas. Sometime before arriving in Baltimore, news of the robbery came over the car's radio, whereupon Hammond or Morton asked the others if they had anything to do with the robbery. One of the defendants answered in the affirmative.

In Baltimore, the four started to enter a bar, but Hammond and Morton were refused admission because of their age. The defendants went on into the bar, and Hammond and Morton drove back to Wilmington.

Hammond and Morton testified on behalf of the State, but the defendants did not take the stand. At the trial, the State proved that the warrants were served on the defendants in a courthouse in Massachusetts. This testimony was admitted as showing flight.

■ Walker contends that under the evidence he was at most an accessory after the fact and was not a principal. He points out the absence of proof that he threatened Bender or touched him or that Bender was put in fear by him. We disagree with this contention. The circumstances as a whole justify but one reasonable conclusion: that Walker was present in the store for the purpose of aiding and abetting Crawford. Even if classified as an accomplice rather than a principal, Walker was guilty of the same crime as the principal and could be so convicted under the indictment charging him as a principal, by virtue of 11 Del.C. § 102. Johnson v. State, Del., 215 A.2d 247.

■ Crawford's argument that he was convicted solely on the testimony of accomplices is not justified by the record.* It is not at all clear that Hammond and Martin were accomplices; but, even assuming that they were, the present conviction was not based solely on their testimony; it was supported by that of the victim Bender, who identified both defendants. Bender's testimony was weakened perhaps by his apparent belief that Crawford's name was "Watson"; however, he definitely identified him as the man with the gun. Any weakness in his testimony was a matter for the jury.

■ The defendants suggest that the State's failure in its brief to reply to the conviction-by-accomplice argument should be treated as a confession of error. It may be that this Court has the power to so conclude; it is, however, a discretionary power which will ordinarily be exercised only when an appellant's brief makes out an apparent or *prima facie* showing of reversible

---

* We question the statement in the jury charge that a conviction may not be based solely on testimony of accomplices, but for the reason stated, we need not decide the point here. See Joyce v. State, 3 W.W.Harr. 490, 139 A. 254; Turner v. State, 11 Terry 590, 137 A. 2d 395; Smith v. State, 11 Terry 170, 126 A.2d 142.

error. 5 Am.Jur.2d § 686. This is not such a case.

■ The defendants argue that the mention of the arrest in the Massachusetts courthouse might have caused the jury to infer that the defendants had committed some other crime. To us, it seems just as probable that the jury might have assumed that they had been arrested there on this robbery charge at the request of Delaware authorities. In any event, proof of flight is admissible evidence. We are satisfied beyond any reasonable doubt that no prejudicial harm was caused by the mere statement that the warrants were served in a courthouse.

■ During the course of the State's opening summation, the prosecuting attorney indicated that there appeared to be a little conflict between the defendants' lawyers. He stated that Walker's attorney says, "We are only strangers. We happened to stop in for a beer." That attorney objected that he himself had not said anything, nor had his client testified. The Court then stated: "The jury is very much aware of the fact that neither you nor Mr. Walker have testified and the jury may keep this in mind in evaluating the argument made by the State." The prosecuting attorney then said, "I used to read things like this in the trial tactics of some lawyers. It worked. I am off stride." The defendants contend that the original remark of the prosecuting attorney was a back-handed way of emphasizing to the jury that the defendants had not testified. They also argue that the remark made by the trial Judge served further to emphasize that fact. They argue that this was all prejudicial and justifies a reversal because of 11 Del.C. § 3501. This section reads as follows:

"Every person who is accused of any crime whatsoever, punishable by the laws of this State, may upon his trial before any tribunal established by the Constitution or laws of this State, testify in his own behalf, and may testify for or against any other person jointly tried

with him. A refusal or failure to testify shall not be construed or commented upon as an indication of guilt."

We do not construe the remarks made as a comment upon the failure to testify "as an indication of guilt." In any event, any impression of that sort which the jury may have received was adequately cured by the Court's charge directing the jury that no inference one way or the other was to be drawn on account of defendants' failure to testify. As to the prosecutor's remark regarding defense counsel's motive in interrupting, we find no basis in the record therefor. We deplore such gratuitous derogatory remarks between counsel, especially before the jury. However, we are satisfied beyond a reasonable doubt that the episode was not prejudicial.

■ At the end of his opening summation, the prosecuting attorney indicated that he was going to say more to the jury after defendants' counsel had spoken to them, and would point out the part that Walker had played in the matter. Defendants apparently contend that the Court erred in permitting the prosecuting attorney to reserve part of his remarks for rebuttal summation. As we read the record, the State had given the jury its theory of the roles which both defendants had played in the crime. We fail completely to understand how any reversible error was committed in this connection. The trial Court must be allowed a wide discretion in this respect. See Chandler v. Miles, 8 W.W.Harr. 431, 193 A. 576. Its discretion was not abused in this instance; of this we have not the slightest doubt.

In summary, after reading the record, we are fully persuaded of the guilt of the defendants and consider the verdicts amply justified. We are satisfied beyond any reasonable doubt that any error which may have occurred during the trial was harmless. Cf. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Washam v. State, Del., 235 A.2d 279.

The judgments below will be affirmed.