**UNITED STATES of America ex rel. Sylvester JOHNSON and Stanley Cassidy**

**v.**

**Howard YEAGER, Principal Keeper of the New Jersey State Prison.**

**Sylvester Johnson, Appellant in No. 16307.**

**Stanley Cassidy, Appellant in No. 16308.**

**Nos. 16307, 16308.**

United States Court of Appeals Third Circuit.

Argued Nov. 21, 1967.

Reargued Aug. 1, 1968.

Decided Aug. 23, 1968.

Certiorari Denied Jan. 13, 1969.

See 89 S.Ct. 620.

Stanford Shmukler, Curtis R. Reitz, Philadelphia, Pa., for appellants.

Rudolph J. Rossetti, Asst. Prosecutor, County of Camden, N. J. (A. Donald Bigley, Camden County Prosecutor, on the brief), for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This case is before the court on appeal from a November 22, 1966, District Court order denying a petition for a writ of habeas corpus filed by appellants (two

New Jersey state prisoners under sentence of death for first degree murder). We have concluded that, due to the admission of the confessions of all defendants in a joint trial under the circumstances stated below, such 1966 District Court order denying the jointly-filed petition, must be set aside and the writ granted unless a new trial or further state court proceedings consistent with this opinion take place within a reasonable time.

The relevant facts were summarized as follows by this court in United States ex rel. Johnson v. Yeager, 327 F.2d 311, 312–313 (3rd Cir. 1963), rehearing denied (1964), cert. den. 377 U.S. 984, 84 S.Ct. 1890, 12 L.Ed.2d 751 (1964), in which opinion the confession of a co-defendant (Godfrey) was found to be involuntary but the confessions of appellants were found to "satisfy the constitutional standard of voluntariness" on the record then before this court:

"The district court resolved this issue against the appellants on the basis of the evidence that was before the New Jersey courts. On this appeal we shall consider only those facts which have been found judicially or cannot reasonably be disputed in the light of the showing in the record.

"At the trial the prosecution undertook to prove that the three appellants drove in appellant Godfrey's car to a store operated by the decedent with a common purpose to commit robbery; that Godfrey remained in the car while the other two entered the store; and that in the course of the attempted robbery Johnson fatally shot the storekeeper. Thus, under the prosecution's case, as presented, it was essential to a conviction of first-degree murder that robbery be established as the objective of the enterprise. All three appellants had signed confessions admitting that their purpose was to rob the storekeeper. These confessions were essential items of proof on this issue.

"In this habeas corpus proceeding, the appellants, who do not deny the killing, contend that they were coerced into admitting that they were engaged in robbery, when in fact their purpose in going to the store was to collect a debt owed by the storekeeper to appellant Johnson.

"None of the appellants testified at the trial, either as to the manner in which the confessions were obtained or for any other purpose. The only testimony given at the trial concerning the confessions was that of the officers and stenographers who were present during the initial detention and interrogation of the prisoners or when the formal statements of the prisoners were made and transcribed. The appellants did testify, more than a year later, at a hearing on their motion, for a new trial. The New Jersey courts have considered this testimony on the issue of alleged coercion, and it was properly considered by the district court in this habeas corpus proceeding."

In that opinion this court, agreeing with the District Court,[1] found the evidence did not require finding that the confessions of the appellants were coerced, which conclusion had been reached by the trial judge in 1959, the judge conducting the hearing on the motion for a new trial for the alleged after-discovered evidence (see footnote 1) and the New Jersey Supreme Court on affirming such findings and conclusions. See State v. Johnson, supra. After extensive litigation in the state and federal courts, some of which has been mentioned above,[2] the most recent state court "application

1. The findings and conclusions in the opinion after the hearing on the motion for new trial on the ground of newly discovered evidence are reported in State v. Johnson, 63 N.J.Super. 16, 163 A.2d 593 (1960), aff'd 34 N.J. 212, 168 A.2d 1 (1961)—which opinion also discusses the evidence at that hearing—, cert. den. 368 U.S. 933, 82 S.Ct. 370, 7 L.Ed.2d 195 (1961).

2. For the principal prior decisions involving appellants (called "a battery of collateral attacks" by the Supreme Court of the United States in Johnson v. State of New Jersey, 384 U.S. 719, 726, 86 S.Ct.

for post conviction relief, accompanied by a fresh set of factual allegations" (Johnson v. State of New Jersey, supra, footnote 2, at 726, 86 S.Ct. at 1777) was filed in 1964 and resulted in refusal by the trial court of a full evidentiary hearing and its denial of relief after hearing oral argument only. On appeal to the Supreme Court of New Jersey, appellants submitted for the first time affidavits alleging denial of access to attorneys and families in support of their grounds for relief, which affidavits were treated by that court as if they had been offered for the trial court's consideration [3] (see State v. Johnson, supra, 206 A.2d at 739–740), and the state trial court judgment denying this application for post-conviction relief was affirmed.[4] The Supreme Court of the United States affirmed this judgment of the Supreme Court of New Jersey, Johnson v. State of New Jersey, supra (footnote 2) in June 1966.

In view of the recent decisions of the Supreme Court of the United States in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968), specifically overruling Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957), relied on by the District Court, the order of November 22, 1966, must be set aside and these cases remanded to the District Court with directions to grant the writs of habeas corpus unless, within a reasonable time, appellants are granted new trials in the state courts, in accordance with the rules set forth in those cases, or further proceedings are taken not inconsistent with this opinion. In paragraphs 6 and 7 of their petitions, appellants alleged that the admission at their joint trial of "the cross-implicating statements in these confessions," as well as of the involuntary confession of their co-defendant Godfrey, violated their federal constitutional rights, in spite of the concededly careful limiting instructions of the trial judge that each confession was to be considered only in the case against the maker of such confession. The *Roberts* case, supra, contains this language at page 1921 of 88 S.Ct.:

> "In Bruton v. United States * *, we * * * held that, despite instructions to the jury to disregard the implicating statements in determining the codefendant's guilt or innocence, admission at a joint trial of a defendant's extrajudicial confession implicating a codefendant violated the codefendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. This case presents the question whether Bruton is to be applied retroactively. We hold that it is."

In this case, the confessions varied materially on the extent of the participation of the co-defendants in the planning and execution of the crime. Johnson stated that Godfrey first gave him a gun en route to the store and that gun went off during a struggle with the proprietor. He knew Cassidy was armed and they all planned the robbery. Cassidy stated that he advised Godfrey that Johnson should not be given a gun, that Johnson shot the proprietor independently of any struggle, and that the robbery scheme was suggested by Johnson and Godfrey. Godfrey stated that the two appellants asked his advice on a "good place" to rob (G7 and 11) and that Johnson emphasized his need of money "most" (G11). After the robbery, Godfrey stated that he said to Johnson concerning the shooting, "Man, you did not have to do that" and Johnson replied, "It is one of those things" (G9). Under these circumstanc-

---

1772, 16 L.Ed.2d 882 (1966)), see State v. Johnson, 43 N.J. 572, 573, 206 A.2d 737 (1965), at footnote 1 on p. 739.

3. The affidavits appear at pp. 365–385 of the Transcript of Record in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.

Ct. 1772, 16 L.Ed.2d 882, Oct. Term 1965, Supreme Court of the United States.

4. The court held that further consideration on that appeal of the issue of the voluntariness of appellants' confessions by it was precluded by a state procedural rule.

es, the constitutional error of admitting these confessions in evidence during a joint trial "presents a serious risk that the issue of guilt or innocence may not have been reliably determined." Roberts v. Russell, supra, at 1922. Also, the confessions of Godfrey and Cassidy recited hearsay statements of the appellants bearing on their degree of guilt.[5] Applying the language in Bruton v. United States, supra, at 1623 of 88 S.Ct., "Plainly the introduction of [these] confessions added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination, since [the defendants] did not take the stand. [Appellants] thus [were] denied [their] right of confrontation."

We have considered carefully appellee's argument that the use of these confessions was harmless error, since the similarity in their description of the homicide itself precluded any prejudice to appellants. Cf. Chapman v. State of California, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). However, the above-described differences in the confessions [6] were very material to the jury's decision not to recommend life imprisonment and we are unable to say that the limiting instructions of the trial judge made this constitutional error harmless beyond a reasonable doubt. Cf. Burgett v. State of Texas, 389 U.S. 109, 115, 88 S. Ct. 258, 262, 19 L.Ed.2d 319 (1968), where the court said:

> "The admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] is inherently prej-

udicial and we are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705."

For the foregoing reasons, the order of the District Court, dismissing the November 1966 petition for a writ of habeas corpus, will be vacated and the case will be remanded for proceedings in accordance with the foregoing opinion.

---

5. The appellants made consistent objection to the use of the confessions as a whole (310a, 378a, 403a, 428a & 606a of Joint Appendix, Supreme Court of New Jersey, Docket 2839—State of New Jersey v. Johnson et al.) and particularly to the parts of such confessions of the co-defendants that were hearsay (378a–380a, 405a–407a, 409a–452a and 606a of above-mentioned Joint Appendix). It is noted that, as suggested in the *Bruton* case, supra, 88 S.Ct. at 1626, the appellants applied during the trial to have deleted the

hearsay references to them in the confessions of their co-defendants, but such applications were denied (N.T. 409a–452a of such Joint Appendix).

6. The wording of the confessions does not support the allegation of appellee at p. 9 of its supplemental brief that "The participation of each defendant is identical * * *. The confession of each co-defendant added nothing to the statement of the other."