Frank S. DALTON, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

March 12, 1969.

James F. Kipp, Asst. Public Defender, Wilmington, for defendant below, appellant.

Merrill C. Trader, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

Appellant Frank S. Dalton was indicted and tried for fourth-degree burglary in the Superior Court, where he was convicted after a jury trial. His timely motions for acquittal were denied, and this appeal from those denials followed. His only contention is that the evidence did not show an unlawful breaking by him.*

The evidence supporting Dalton's conviction established the following facts: Dalton and four other men were sitting in a parked car behind the Village Package Store in Dover. They were drinking beer and talking when one member of the group, Tony Vitanza, decided to break into the store and get some liquor. Although no one had encouraged Vitanza or had even taken him seriously when he announced his intention and left the car, they all realized he meant business when he returned a few moments later with four bottles of vodka. At this point, the four men, including Dalton, left the car and entered the store through the shattered glass of the front door which Vitanza had broken. They then helped themselves to the store's contents and departed with the stolen bottles of liquor through the broken door.

■ The fourth-degree burglary charge against Dalton accused him of breaking and entering the liquor store with intent to commit a crime therein. 11 Del.C. § 395. Although Vitanza admittedly did the actual breaking, the State's theory was that Dalton was an accomplice to Vitanza's actions. We think the evidence does not support the breaking element of the burglary charge against Dalton. An accomplice is defined as one who "aids, abets, procures, commands or counsels any other person to commit a crime or offense

against the State." 11 Del.C. § 102(c). To be liable as an accomplice, it must affirmatively appear that the defendant in some way actively encouraged the principal to commit the crime; mere presence at the scene of the crime is not sufficient. Although a simple word or gesture may be enough to constitute such an encouragement, it must of necessity occur before or during the commission of the crime by the principal. Scott v. State, 10 Terry 251, 113 A.2d 880; Turner v. State, 11 Terry 590, 137 A.2d 395; State v. Winsett, Del., 205 A.2d 510.

■ There is no suggestion in the record that Dalton did anything to influence Vitanza in breaking the store door. All the evidence indicates that Vitanza's decision to rob the liquor store was formed independently of the other members in the group. The State's witnesses were unanimous in their assertion that no one thought Vitanza would actually rob the store when he left the car; there was no evidence to the contrary. Dalton therefore cannot be convicted of burglary of the fourth degree, having had nothing to do with the breaking element of the crime.

Even though the burglary conviction may not stand, the State clearly proved that, after the store door was broken, Dalton unlawfully entered the building and stole several bottles of liquor from its stock. Obviously, the verdict includes a finding of an unlawful entry with intent to commit a crime under 11 Del.C. § 396.

■ In appeals from criminal convictions, this Court has the power under Article IV § 11(1) (b) of the Delaware Constitution, Del.C.Ann. to direct the trial Court to enter a judgment of conviction of a lesser included offense. Porter v. State, Del., 243 A.2d 699; Herhal v. State, Del., 243 A.2d 703 (1968). This power will of course be exercised only in a clear case

* We note that at one point in the charge to the jury, the trial Court failed to mention the breaking element of the offense. This defect was cured later in the charge, and it is plain to us that the accused was not prejudiced by this single omission.

when the accused's rights to a jury trial and due process will not be prejudiced.

■ We consider this to be an appropriate case for the exercise of our modification power. Dalton had a fair trial by a jury, and is not prejudiced by our disposition of his appeal.

■■ Dalton argues, however, that the State waived its right to have a modified judgment entered because it failed to charge him with the lesser offense or to request an instruction on the lesser included offense from the trial Judge. We disagree. The charge of breaking and entering with intent to commit a crime clearly includes a charge of the lesser offense of entering with such intent. This Court's power to modify the conviction is not destroyed by the State's failure to request an instruction on the lesser included offense.

Dalton's conviction of fourth-degree burglary will, therefore, be reversed, and the case remanded for entry of conviction of unlawful entry with intent to commit a crime, and a resentence therefor.