**UNITED STATES of America ex rel. Clifford A. WARNER, Petitioner,**

v.

**Warden Raymond W. ANDERSON, Respondent.**

**No. 105.**

United States District Court
D. Delaware.

Aug. 27, 1969.

**334**

Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for petitioner.

John G. Mulford, Deputy Atty. Gen. of Delaware, Wilmington, Del., for respondent.

OPINION

LAYTON, District Judge.

The petitioner, Warner, was arrested and tried in 1965 and convicted of murder in the second degree, and burglary in the fourth degree. After arrest, both Warner and his co-defendant, Jenkins, made statements to the police. At their joint trials, neither defendant testified, but their statements were introduced into evidence with cautionary instructions to the jury that the confession of one defendant was not to be considered as evidence against the other defendant.

1. Jenkins v. State, 230 A.2d 262 (1967).

2. Subsequently, Warner pleaded guilty to being an accessory after the fact of a murder.

3. People v. Aranda, 63 Cal.2d 518, 47 Cal. Rptr. 353, 407 P.2d 265 (1965).

Warner appealed jointly with his co-defendant, Jenkins, to the Supreme Court of Delaware in 1967.[1] That appeal resulted in the reversal of the petitioner's second degree murder conviction on the ground that the jury was improperly instructed on the felony murder rule. The burglary conviction was, however, upheld.[2] At the same time, the Supreme Court of Delaware adopted the California rule [3] concerning the admission of a statement of a co-defendant into a joint trial where the co-defendant does not take the stand and testify, and reversed Jenkins' first degree murder conviction because the Court felt that the jury was prejudiced by Warner's confession and because Jenkins could not cure the harm by cross examination.

The petitioner now brings a habeas corpus petition claiming that the introduction of the confession of his codefendant, Jenkins, into their joint trial when Jenkins did not testify deprived him of his VI Amendment right "to [be] confront[ed] [with] the witnesses against him" as announced by the Supreme Court in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). On this ground, he requests that his burglary conviction also be reversed.

In Bruton, the germinal case in this area, the Supreme Court held that where the statement of a co-defendant was introduced into evidence in a joint trial and the co-defendant did not take the stand to testify and be cross examined, the other defendant is deprived of his VI Amendment right of confrontation, and the conviction which results from the trial must be reversed. Moreover, this case has been held to be retroactive in effect,[4] and the Confrontation Clause of the VI Amendment has been held to apply to the States through the Due Process Clause of the XIV Amendment.[5]

4. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

5. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

The petitioner's case is not precisely the same as that faced by the Supreme Court in Bruton and is, therefore, not squarely governed by it. In Bruton, the Supreme Court was faced with a situation where only one defendant made a statement and where neither defendant testified. In the petitioner's case, both defendants made statements to the police although neither defendant testified at trial. Thus, the question presented here is whether Bruton requires a reversal when a co-defendant's inculpatory statement is introduced in a joint trial and the co-defendant does not take the stand to testify and be cross examined and when the complaining defendant has also made an inculpatory statement.

The same issue was faced by the Third Circuit Court of Appeals in Johnson v. Yeager [6] which I feel governs this case. There, in order to apply the harmless error doctrine of Chapman v. State of California,[7] the Court of Appeals adopted the technique [8] of examining the confession of each co-defendant to determine whether the constitutional error of admitting the confession "presents a serious risk that the issue of guilt or innocence may not have been reliably determined; and to determine whether "the introduction of [these] confessions added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination." [9] The Court there rejected the State's argument that the use of the confessions constituted harmless error within the meaning of Chapman because the two confessions were so similar in their description of the crime that there was no prejudice to either defendant.

The State has argued that the introduction of the confession of Jenkins into the joint trial constituted harmless error because Jenkins' statement was identical to Warner's concerning every aspect of the burglary.[10] In order to assess this argument, it is necessary to examine both of the confessions, and the statute under which Warner was indicted. In his confession, Warner admitted going to the building site with Jenkins in order to steal some wire and fire extinguishers. Warner said that when they arrived at the site, he remained outside while Jenkins went inside the fence and procured the fire extinguisher and wire which were passed through the fence to Warner who loaded them into the car. Jenkins, however, said that Warner accompanied him inside the fence and aided him in procuring the fire extinguishers and the wire which they carried out of the yard and loaded into the car. The petitioner, therefore, takes the position that if he were convicted solely under the burglary statute, the introduction of Jenkins' confession in their joint trial would be reversible error because only this statement placed him inside the fence, a necessary element of burglary in the fourth degree.[11] However, although

6. United States ex rel. Johnson v. Yeager, 399 F.2d 508 (1968), cert. denied 393 U.S. 1027, 89 S.Ct. 620, 21 L.Ed.2d 570 (1969).

7. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

8. This review, I feel, is in accord with the recent case of Harrington v. State of California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), where the Supreme Court examined the non-tainted evidence in the case to determine whether the admission of the confessions of the co-defendants was harmless error.

9. 399 F.2d at 511.

10. This argument in some form or other has been accepted in several States in cases where I find that the confessions admitted were identical with respect to every element of the crime charged. People v. Rosochacki, 41 Ill.2d 483, 244 N.E. 2d 136 (1969); State v. Hopper, 253 La. 439, 218 So.2d 551 (1969); People v. Devine, 57 Misc.2d 862, 293 N.Y.S.2d 691 (1968).

11. Title 11 of the Delaware Code, Section 395 provides:
"Whoever,
(1) With intent to commit a crime therein, whether such intent be executed or not, breaks and enters a building, or a room, or any part of the building; or,

the petitioner was indicted under the burglary statute, under Delaware law the jury could find him guilty as an accomplice to a burglary pursuant to Title 11 of the Delaware Code, Section 102, which makes an accomplice liable as a principal.[12] Thus, the plaintiff, by his own admission, was an accomplice to a burglary, and the admission of Jenkins' confession, which merely changed his status to that of a principal, a change of degree but not of kind under Delaware law, in no way prejudiced his trial for burglary. The jury did not, in convicting Warner, have to give any credence to Jenkins' story, with the result that I find no reversible error in the admission of Jenkins' confession.

The other grounds raised by the petitioner have been found to be without merit. Accordingly, the petition for habeas corpus will be denied.

Submit order.

(2) Being in any building, commits a crime therein and breaks out of the same,
is guilty of burglary in the fourth degree and a felony, and shall be imprisoned not more than 5 years."

12. Title 11 of the Delaware Code, Section 102 provides in part:
"(c) Whoever aids, abets, procures, commands or counsels any other to commit a crime or offense against the State is an accomplice and is guilty of the same crime or offense as the principal."
Moreover, the Delaware Supreme Court has held that a defendant could be convicted as an accomplice even if indicted as a principal. Johnson v. State, 215 A.2d 247 (1965); Crawford v. State, 245 A. 2d 791 (1968).