UNITED STATES of America ex rel.
Charles CRAWFORD, Petitioner,

v.

Raymond W. ANDERSON, Warden New
Castle Correctional Institution,
Respondent.

No. 112.

United States District Court
D. Delaware.

Sept. 19, 1969.

Charles Crawford, pro se.

OPINION AND JUDGMENT

LATCHUM, District Judge.

This case is before the Court upon a petition for a writ of habeas corpus filed by Charles Crawford, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2254. The petition was filed *in forma pauperis*.

On February 9, 1968, petitioner was sentenced in the Superior Court of the State of Delaware in and for New Castle County to ten years imprisonment upon conviction by a jury on a robbery charge. He is now imprisoned in the New Castle Correctional Institution in respondent's custody pursuant to that sentence.

An appeal was taken to the Delaware Supreme Court which affirmed the conviction. One of the grounds of his appeal was that he had been convicted solely on testimony of accomplices. Crawford v. State, 245 A.2d 791 (Del.1968).

Thereafter, he filed in the Superior Court a "motion to arrest illegal sentence" pursuant to Criminal Rule 35(a), Del.C.Ann., claiming that certain testimony of "accomplices" should have been excluded at his trial under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The handwritten Rule 35 motion filed in the Superior Court was, at best, difficult to understand; its language was unclear and confusing. This ambiguity caused the Superior Court to assume mistakenly that the petitioner was again contending that he had been convicted solely on the basis of "accomplice testimony," one of the same assertions rejected by the Delaware Supreme Court in petitioner's appeal. Operating on this mistaken assumption, the Superior Court denied the Rule 35 motion.

Petitioner now brings this *Bruton* argument before this Court in the present

**952**

proceeding maintaining that his Sixth Amendment constitutional right of confrontation was denied.

28 U.S.C. § 2254(b) provides that an application for a writ of habeas corpus shall not be granted to a state prisoner unless it appears that he has first exhausted available state court remedies. Although the *Bruton* issue was raised in the Superior Court by his Rule 35 motion, it was not passed upon for the reasons above stated. Thus, at first glance, it would seem appropriate to dismiss the present petition for failure to exhaust his state remedies and if the claim were meritorious, this Court would do so. However, that is not the only course open, nor the one which the Court chooses to take in this instance.

■ It is the law of this circuit that although a federal court is precluded from granting affirmative relief in habeas corpus proceedings brought by state prisoners until available state remedies are exhausted, it does have the power to deny such petitions when the claim appears to be without merit. United States ex rel. Drew v. Myers, 327 F.2d 174 (C.A.3, 1964); United States ex rel. Auld v. Warden of New Jersey Penitentiary, 187 F.2d 615, 621 (C.A.3, 1951).

A "Bruton" situation arises when codefendant "A", who refuses to take the stand, has made extrajudicial statements incriminating codefendant "B" and these statements are introduced at trial. In these circumstances, the Supreme Court held that codefendant "B"'s right of cross-examination secured by the confrontation clause of the Sixth Amendment was violated. United States v. Bruton, supra.

■ Turning to the instant case the trial transcript in the Superior Court clearly reveals that *Bruton* is not applicable. Petitioner was tried with one codefendant, Hudson Walker, who neither testified nor made any extrajudicial statement relating to petitioner which was introduced at trial. A witness, Walter Hammond, who had been with the petitioner and his codefendant on the night of the robbery, testified that petitioner Crawford admitted to him that he had participated in the robbery with which he was charged. Thus, the incriminating statement admitted into evidence was petitioner's own and not that of his non-testifying codefendant. Therefore, I find that a *Bruton* situation did not exist and the petitioner's contention is wholly without merit.

No probable cause exists for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849, 854 (C.A.3, 1968).

### JUDGMENT

Finding that there is no merit in fact or law to the allegations of the present petition, it is ordered and adjudged (a) that the petition for habeas corpus be dismissed and the writ denied and (b) that a certified copy of this Opinion and Judgment be sent by the Clerk to petitioner and respondent.